*G. O. Behm* and *A. O. Behm*, for appellee.

---◦---

## Dunham v. Tappan and Others.

Practice.— *Erroneous Judgment.— Judgment Taken Through Mistake, &c.*— Application in the form of a complaint, to correct an order directing the distribution of an estate, on the grounds that the order was erroneous and that the plaintiff's attorney misunderstood the action of the court and, being absent when the order was read, took no exception.

*Held*, that the complaint, though it appeared therefrom that the action of the court was erroneous, was bad on demurrer.

Descent.— *Widow.*—A surviving wife who has accepted the provision made for her by the will of her deceased husband is entitled also to the sum of $300 allowed her by section 21, 1 G. & H. 295.

APPEAL from the Union Common Pleas.

Frazer, J.—This was an application, in the form of a complaint, to correct an order directing the distribution of an estate. The grounds of the application as stated are: first, that the order was erroneous; second, that the plaintiff's attorney misunderstood the action of the court and, being absent when the order was made, took no exception thereto:

The order was erroneous. *Loring* v. *Craft*, 16 Ind. 110, is directly in point; and we have no doubt of the correctness of that decision. But such a proceeding as this to correct an erroneous judgment is without precedent or reason to sustain it.

The second ground is wholly insufficient. There is no adequate reason shown upon which a misunderstanding of the action of the court could have reasonably arisen. The appellant has not adopted the right method for obtaining the relief sought.

As the only question before us is upon the action of the court below in sustaining a demurrer to the complaint, the judgment must be affirmed, with costs.

Judgment accordingly.

*J. Yaryan*, for appellant.

*T. W. Bennett*, for appellees.