## Leib et al. *v.* Wilson, Adm'r.

WIDOW.—*Right in Estate of Deceased Husband.*—The right of a widow in the property of her deceased husband must be determined by the law in force at the death of the husband.

SAME.—*Statute Construed.*—By the statute in force in 1870 (Acts 1869, Reg. Sess., 31, and 3 Ind. Stat. 219), a widow, if, from any cause, she failed or refused to take articles of personal property, at the appraised value, to the full amount of five hundred dollars, or any part thereof, was entitled to receive that amount, or the residue thereof, in cash, out of the first moneys received by the executor or administrator, whether derived from personal or real estate.

From the Elkhart Circuit Court.

*R. M. Johnson* and *J. D. Osborn,* for appellants.

*H. D. Wilson,* for appellee.

DOWNEY, J.—The question for decision in this case arose upon the report of the appellee for final settlement of the estate of which he was administrator.   The personal estate of the deceased, according to the appraisement, amounted to one hundred and eleven dollars and seventy cents, and this was taken by the widow at the appraised value.   The deceased also owned a tract of land, on which there was a mortgage executed by him in his lifetime.   This was sold by the administrator and the widow jointly.   She took one-third of the proceeds of the sale on account of her ownership of one-third of the land, she not having joined in the mortgage, as we infer. The administrator paid the mortgage out of the remaining two-thirds, and some taxes, and expenses of administration. There was left, of the proceeds of the two-thirds of the land, one hundred and sixty-one dollars and forty-one cents, which amount the administrator had paid to the widow. The appellants are creditors of the estate, having proved their claims or had them allowed, and as such objected and excepted to the report of the administrator, claiming that such balance or residue of the proceeds of the sale of the two-thirds of the real estate should be paid to them instead of the widow.   The court approved and allowed the report, and thus awarded the amount to the widow.   This ruling of the court is assigned as error.

The deceased died January 2d, 1870, and we agree with counsel for appellants that the widow's rights must be determined by the law then in force.

The legislation of the State in relation to the rights of the widow in the estate of her deceased husband has been subject to some changes, but there has been a constant tendency to make a better provision for the widow.   The act of 1831 gave her the right to select, at the time of valuation, one hundred dollars in value of the personal estate of her

deceased husband, for which she was not required to account in any manner whatever. R. S. 1831, p. 209. The act of · 1838 was the same. R. S. 1838, p. 238. The R. S. 1843, p. 1049, provided that she should be entitled to select at its appraised value property of her deceased husband to the amount of one hundred and fifty dollars, or if the said property should have been sold, should be entitled to receive out of the proceeds of such sale the same amount. In *Jelly* v. *Elliott*, 1 Ind. 119, it was held that this statute gave the widow the right to have the amount in money out of the proceeds of the sale of the personal estate only, and not out of the proceeds of the sale of the real estate. That decision was made in 1848. On the 12th day of January, 1849, Acts 1849, p. 55, the legislature passed an act which provided that in all cases where the husband left a personal estate less than one hundred and fifty dollars, and also real estate, and the real estate should be sold by the executor or administrator, the deficit should be made up to the widow out of the proceeds of the real estate.

By the act of 1852, 2 R. S. 1852, p. 256, sec. 43, the widow was given the right to select and take articles in the inventory at the appraised value, to an amount not exceeding three hundred dollars, for which she should receipt to the executor or administrator, a statement of the kind and amount of which goods so taken by her was required to be returned by the executor or administrator with, and designated on, the inventory. Thus the amount allowed the widow was increased, but she was limited to the right to select the same in property, and no right was given her, under any circumstances, to be paid in money, either from the sale of the personal or the real estate. This defect in the law was at once discovered, and by the act of March 4th, 1853, Acts 1853, p. 49, an attempt was made to amend the same, so as to allow the widow, in all cases where she should fail or refuse to select or take all or any part of the articles as provided, to receive the amount or the residue thereof in cash out of the first moneys received by the executor or administrator.

This attempt to amend the law was inoperative, according to the rule in *Langdon* v. *Applegate,* 5 Ind. 327, but, as the court has since decided, should have been held valid.    *Pierce* v. *Pierce,* 46 Ind. 86, and cases cited.

In 1869, Acts 1869, Regular Session, p. 31, 3 Ind Stat. 219, the act of 1852 was effectively amended, to read as follows:

"Sec. 43.    The widow, at any time before the return of such inventory, may select and take articles therein appraised, not exceeding in value five hundred dollars, for which she shall receipt to such executor or administrator; a statement of the kind and amount of which goods, so taken by the widow, shall be returned by such executor or administrator, with, and designated on such inventory: Provided, that in all cases where the widow shall fail or refuse to select or take all or any part of the articles in this section provided, she shall be entitled to receive the amount in cash out of the first moneys received by such executor or administrator."

While the question here involved must be decided on the statute just quoted, we may state that by the act of February 8th, 1871, Acts 1871, p. 46, the act of 1869 is amended by adding thereto the following further proviso:

"And provided further, in all cases where the personal estate of such decedent shall be insufficient to make said sum of five hundred dollars, the deficit, whatever it may be, shall constitute a lien on the real estate of such decedent, if any there be, and shall be paid in the same order in which judgments and mortgages are now paid."

Various reasons are urged by counsel for appellants why the ruling of the circuit court should be held erroneous, and the question is argued at great length and with unusual ability.    Counsel contend that the act in question and that of 1843 are substantially the same, and urge that the case of *Jelly* v. *Elliott, supra,* virtually decides the question here. We think it is at this point in their argument that counsel go astray.    The mistake is in assuming that the two acts are substantially the same.    By the act of 1843, the widow had

the right to select property to the amount of one hundred and fifty dollars, that is, personal property, for the real property was not inventoried and appraised; and it was provided, that she, "if the said property shall have been sold, shall be entitled to receive out of the proceeds of such sale the sum of one hundred and fifty dollars," etc. It is quite clear that under that act, as decided in *Jelly* v. *Elliott*, she could only have the money out of the proceeds of the sale of the personal property.

The act of 1869 is different. It gives her the right to have the amount "out of the first moneys received by such executor or administrator." It is immaterial from what source the money arises. There is a substantial difference in the language of the two acts.

Again, counsel insist that by the act of 1869, the widow was only entitled to receive the money when she had "failed or refused" to select personal property, and that in this case she neither failed nor refused to select. The fact is as stated, that she did not fail or refuse to select, but, on the contrary, took all the personal property at the appraised value. We do not think, however, that this consideration should control in putting a construction on the act. The widow cannot well be said to have failed or refused to select articles of personal property, when there was nothing, or nothing more, for her to select. It was, perhaps, intended by the legislature that when the widow, for any cause, failed to get the amount of property which she was authorized to select, she should have the amount, or the residue of the amount, out of the first moneys received by the executor or administrator, whether from personal or from real estate. Such we hold to be the proper construction of the act.

It is urged, in an additional brief filed, that the administrator misapplied so much of the money derived from the sale of the two-thirds of the real estate as was applied to the payment of the mortgage. This objection to the report is placed on the ground that the purchaser should, under the statute, have been required to pay the heirs, and that therefore the

administrator should not have paid it. We cannot see that this question is in the record. It was not urged as an objection or exception to the report.

The judgment is affirmed, with costs.