WHITEMAN ET AL. *v.* SWEM.

No. 7152.

WILL.—*Widow's Right to Five Hundred Dollars in Addition to Provisions by Will.—Decedents' Estates.*—Under section 43 of the act for the settle-

Whiteman *et al. v.* Swem.

ment of decedents' estates, 2 R. S. 1876, p. 507, the widow of a testator is entitled to five hundred dollars in personal property or money out of his estate, in addition to any devise made in her behalf by his will.

From the Decatur Circuit Court.

*B. W. Wilson* and *W. B. Wilson*, for appellants.

*J. D. Miller* and *J. Gavin*, for appellee.

NIBLACK, C. J.—This was an agreed case in which Melinda Swem was plaintiff and Elizabeth J. Whiteman and Robert Whiteman were defendants, and was submitted to the court below on substantially the following statement of facts: Benjamin D. Swem died testate on the 1st day of May, 1877, leaving surviving him his widow, the said Melinda Swem, with whom he had lived for a period of about twenty-five years and by whom he had no children, and the defendant Elizabeth J. Whiteman, intermarried with the said Robert Whiteman, his daughter by a former marriage; that, at the time of his death, he was the owner of one hundred and seventy acres of land in Decatur county, of the value of six thousand two hundred and fifty dollars; also of real estate in the city of Greensburgh, in that county, of the value of three thousand dollars, and of personal property of the value of four hundred dollars, including the rents of the farm for the year 1877; that the plaintiff was about fifty-two years old; that the said Benjamin D. Swem received of the plaintiff's estate the sum of thirteen hundred and fifty dollars in the year 1860, and mingled and invested such estate with his own means, and thus converted the same to his own use; that this latter sum was all the separate estate of which the plaintiff was the owner prior to the death of her said husband; that the decedent by his will devised to the plaintiff his real estate in Greensburgh and bequeathed to her his personal property and a specific legacy of one hundred dollars a year for a period of ten years, making such specific legacy a charge on his other real estate; that he devised to his said

daughter his remaining real estate, subject to the charge of such specific legacy; that the substantial part of said decedent's will was as follows:

"STATE OF INDIANA, DECATUR COUNTY.

"I, Benjamin D. Swem, of the city of Greensburgh in said county, do make and publish this, my last will and testament, hereby revoking all former wills and codicils by me at any time made.

"Item 1. I direct that as soon after my decease as possible, all my just debts and funeral expenses be paid by my executrix out of the proceeds of my personal estate.

"Item 2. I devise and bequeath to my beloved wife all my household goods, and all other articles of personal property, money, rights, credits, effects, notes, accounts, choses in action, and all other demands of every kind and nature, not required for the payment of my debts as aforesaid.

"Item 3. I devise and bequeath to my said wife all my real estate situate in the city of Greensburgh, county of Decatur, and State of Indiana, and the sum of $1,000, payable as hereinafter mentioned in Item 5.

"Item 4. I devise and bequeath to my daughter, Elizabeth J. Whiteman, my farm, situate in Fugit township, in said county and State, consisting of about one hundred and seventy acres, for her own separate use and benefit, for and during the term of her life, and, at her death, in fee to her children her surviving, and to the heirs of such as are then dead, share and share alike. Such heirs inheriting the share which such children above mentioned would have received if living, it being my intention to convey to my daughter a life-estate only, and to give to her children or their heirs, as aforesaid, the fee simple estate in remainder, and that they shall take the same as purchasers.

"Item 5. I further direct that my said daughter shall, within one year after she comes into possession of the real

estate above devised to her, pay to my said wife $100, and shall annually thereafter, for nine years, on the first of January, pay a like sum to my said wife, and the same is made a charge on said real estate, and in the case of the death of my said daughter, prior to the expiration of said period, her children and their heirs shall pay the remainder of said sum according to the terms above mentioned, provided that if my said wife should die during said time, said payments shall cease at her death. The sum mentioned in this item being the same thousand dollars given to my said wife in Item 3.

"Item 6. I hereby appoint my wife, Malinda Swem, executrix of this my will."

That said will was, on the 19th day of May, 1877, duly admitted to probate in the Decatur Circuit Court; that the plaintiff has accepted the provisions of said will, but has not received the five hundred dollars, or any part thereof, to which she claims to be entitled under section 43 of the act entitled " An act providing for the settlement of decedents' estates," etc., 2 R. S. 1876, p. 507, over and above the provision made for her by the will ; that on the other hand the defendants claim that the provision made for the plaintiff by the will was in lieu of all interest in her husband's estate, to which she would have been entitled by law, and that, hence, she has no claim on his estate for the said sum of five hundred dollars or any part thereof.

It was therefore further agreed, that, if the court, under the facts stated as above, should find that the plaintiff was entitled to said additional sum of five hundred dollars under said section 43 of the act above referred to, then the court should render judgment for the plaintiff for that sum against the defendants, and make such judgment a lien on the lands devised to the said Elizabeth J. Whiteman by the will ; but that, if the court, under the facts, should

find that the plaintiff was not entitled to such additional sum of five hundred dollars, then judgment should be rendered against her for the costs herein. The court found, as a conclusion of law, that the plaintiff was entitled to the additional sum of five hundred dollars, and rendered judgment for that sum against the defendants, decreeing such judgment to be a specific lien on the lands devised to the defendant Elizabeth J. Whiteman. To that conclusion of law the defendants excepted, and, appealing to this court, have assigned error upon the decision of the court in so rendering judgment against them.

If we felt at liberty to follow the rules of construction laid down by the text-writers on the subject of wills, we would probably regard it as our duty to hold that the appellee's election to take under the will before us was an abandonment of all other claims against the testator's estate ; but we have a series of decisions made by this court under the various and more recent statutes of this State for the settlement of decedents' estates, recognizing a different rule as to the effect of a widow's election to take under the will of her late husband. The last case of this series to which our attention has been called is that of *Nelson* v. *Wilson*, 61 Ind. 255, in which it was held that the widow of a testator is entitled to five hundred dollars in personal property or money out of his estate, as provided by section 43 of the act for the settlement of decedents' estates, in addition to any devise or bequest made to her by the will of such testator. In that case the previous decisions of this court, holding substantially the same doctrine, were collated, reviewed and approved. Upon the authority of that case, to which we feel it our duty to adhere, the judgment in this case will have to be affirmed. 2 Jarman on Wills, 1 ; 2 Redfield on Wills, 369.

The judgment is affirmed, with costs.