Smith *v.* Smith *et al.*, Executors.

No. 7411.

## SMITH *v.* SMITH ET AL., EXECUTORS.

DECEDENTS' ESTATES.—*Legacy.*—*Voluntary Payment.*—As a rule, money paid voluntarily, without fraud and with full knowledge of the facts or with ample opportunity of obtaining such knowledge, can not be recovered back, but such a rule is not applicable to the payment of legacies or to money paid upon distribution by an executor.

SAME.—*Liability of Legatee to Refund without Bond.*—The failure of an executor upon the payment of a legacy to take a bond as required by sections 120 and 140 of the act for the settlement of decedents' estates, 1 R. S. 1876, pp. 538 and 544, does not release the legatee or distributee from liability to refund when necessary for the payment of debts, legacies or claims.

SAME.—*Absolute Claim of Widow.*—*Waiver.*—*Will.*—The right of a widow to claim the amount given her by section 43 of the act for the settlement of decedents' estates, 2 R. S. 1876, p. 507, is not waived by the mere acceptance of her legacy under the will of her husband or upon her mere agreement as to the proper execution of the will.

SAME.—*Widow's Agreement to Division no Waiver of Claim.*—*Executor may Recover from Legatee.*—An agreement between an executrix of a will, who was also the testator's widow, and the residuary legatee of the will, to a settlement and division of the property under its provisions, and the acceptance by each of the shares set apart to them by the settlement, nothing having been said about the claim of the widow under the law, will not preclude the widow from afterward claiming from the estate the amount provided for her by law, in addition to the provision for her by the will, and if the money paid to the legatee be needed to make up such claim the executor may recover from him such amount, notwithstanding such agreement and settlement.

SAME.—*Value of Estate.*—*Parol Evidence.*—*Inventory.*—Where all the parties interested agree upon a settlement and distribution under a will without an inventory of the personal estate of the testator, and it afterwards becomes necessary to show the amount of such property, parol proof is admissible.

SAME.—*Witness.*—*Executor.*—*Requirement by Court to Testify.*—Where objection is made, under section 2, 1 R. S. 1876, p. 133, to an executor testifying, but is overruled by the court, that is sufficient to show an intention on the part of the court to require the witness to testify.

From the Ripley Circuit Court.

*W. D. Willson* and *C. H. Willson,* for appellant.

*J. W. Gordon, R. N. Lamb* and *S. M. Shepard,* for appellees.

BICKNELL, C. C.—Thomas Smith, by his last will, gave his wife "one full half" of his property, consisting of money, land and personal securities, and appointed her and John O. Cravens his executors. The will provides as follows :

The debts shall be first paid ; then the executors shall make a full footing up of the property and its values, taking the values named in the will for the real estate and tangible property, and the "face value" for the choses in action, "unless known to be legally and totally worthless and insolvent." A legacy to Mary Roberts shall be paid before any division of the property, and a legacy to Maggie Cravens shall be paid after such division. The wife, after the said valuation, as part of her half, shall take the real estate and tangible property at $4,000, and "shall go on to select in kind to the full value of one-half of the estate," and then Maggie Cravens shall select her bequest, in kind, out of the half not taken by the wife, which half the testator calls "my part of the estate." In addition to the above bequests, not exceeding $1,000 is set apart to the wife for the purpose of a monument. All the remainder of the estate "in kind" is given to William Harrison Smith, the nephew of the testator, charged with legacies to the amount of about $500.

No inventory or appraisement of the property was made ; but about a month after the testator's death the executors and the residuary legatee and others made a footing-up and valuation of the property, as directed by the will. They first took out $500 for the Roberts legacy ; they then divided the remainder into two equal parts ; they gave the widow one part, including the real estate and the tangible property, at $4,000, and personal securities at their face value, it being agreed that none of such securities were "legally and totally worthless and insolvent ;" then, out of the other part, they took first enough to pay the Cravens legacy, and then enough to pay the costs of the executorship, and $1,000 for a monument, and then they gave the remainder to the

residuary legatee, in all $18,597.90, of which $900 was in money, and the residue was choses in action. He gave the executors a receipt in full for his share of the estate.

At the time of this settlement nothing was said about the widow's claim for $500, under section 43 of the decedents' act. This settlement was made on May 9th, 1876. In August, 1877, the appellees, executors of the will, commenced this suit against the appellant, the residuary legatee. The complaint stated that said Thomas Smith had died testate, and that distribution had been made of his estate according to his will, and that, among other distributions, $18,597.90 had been paid to the appellant, and that, after such distribution, there was nothing left of the estate; that since the distribution the testator's widow had filed her claim against the estate for $500, which had been allowed, but had not been paid for want of assets; that they had demanded from defendant said $500, which he had refused to pay. Wherefore they prayed judgment for $500, for the use of said widow.

The appellant demurred to the complaint, for want of facts sufficient to constitute a cause of action. The demurrer was overruled by the court, and the appellant excepted. The appellant filed an answer in three paragraphs, of which the first was the general denial. The appellees replied in denial of the second and third paragraphs of the answer, and the issues were tried by a jury, who returned a verdict for the appellees for $500. The appellants moved for a new trial. This motion was overruled by the court, and the appellant excepted. Judgment was rendered upon the verdict, and this appeal was taken. Errors are assigned as follows:

1st. The court erred in overruling appellant's demurrer to appellees' complaint.

2d. The court erred in overruling appellant's motion for a new trial.

The will was not made a part of the complaint, and it did not appear by the complaint that the executrix was also the testator's widow. The appellant claims that the complaint is not sufficient, because it shows a voluntary payment to the appellant, without averring fraud, or mistake or ignorance of the facts. It is true that, ordinarily, even an illegal demand, paid without compulsion, and without fraud, and with full knowledge of the facts, or with full opportunity of obtaining such knowledge, can not be recovered back. *Stedman* v. *Boone*, 49 Ind. 469; *Ferguson* v. *Hirsch*, 54 Ind. 337; *Lima Township* v. *Jenks*, 20 Ind. 301; *Town of Ligonier* v. *Ackerman*, 46 Ind. 552; *The Lafayette, etc., R. R. Co.* v. *Pattison*, 41 Ind. 312. But such a rule is not applicable to legacies, or to money paid upon distribution by an executor. A legatee or a distributee may be required to give a bond, conditioned to refund his ratable proportion of the estate, if necessary. Decedents' act, secs. 120 and 140. And the failure of the executor to take such a bond will not release the legatee or distributee from his liability to refund, when necessary, for the payment of debts, legacies or claims. There was no error in overruling the demurrer to the complaint. It appeared in evidence that the executrix was also the testator's widow, and it appeared in evidence, that she and her co-executor and the appellant, who was the residuary legatee, were present at a footing-up and valuation of the property, and agreed thereto, and also agreed to a division and distribution thereupon made, and that she, as widow, received what was set apart to her, as her half of the estate under the will, and that the appellant received what was set apart to him, in full of his claim as residuary legatee. There was no evidence of any fraud or mistake or compulsion. The settlement, as to the shares of the widow and the residuary legatee, under the will, was purely voluntary.

The question is, does such a settlement of the claims under the will preclude the widow from afterwards claiming

the $500, to which she is entitled under section 43 of the decedents' act, nothing having been said by either party, at the time of the settlement, about such a claim? A widow may elect to take under a will, or under the statute of descents, but not under both. See the statute of descents, sec. 27. She is also entitled, under section 43 of the decedents' act, 2 R. S. 1876, p. 507, to $500, which may be taken either before or after the inventory is made. There is no provision that, by taking under a will, the widow shall forfeit this right. Therefore, in *Nelson* v. *Wilson*, 61 Ind. 255, where a widow claimed $500, in addition to what she took under a will, and the defendant's answer alleged that she, with full knowledge of her rights, elected to take under the will, this court held that a demurrer to the answer was rightly overruled, and declared that, by an unbroken line of decisions, beginning with *Loring* v. *Craft*, 16 Ind. 110, it has been settled, that a widow is entitled to $500 from her dead husband's estate, in addition to what she takes under his will. The same rule was reasserted in *Whiteman* v. *Swem*, 71 Ind. 530. Such being the rule in Indiana, it follows conclusively, that a widow, by merely agreeing to receive certain property in satisfaction of a bequest, concedes nothing and waives nothing as to her claim under the decedents' act. The appellant filed eight reasons for a new trial.

"1. The court erred in admitting parol evidence of the kind and amount of the personal estate, moneys, notes and stocks of the testator."

It is claimed that an inventory should have been made, and that an inventory is the only competent evidence of the testator's property; but where, as in this case, all the parties interested agree upon a settlement and distribution under a will, without an inventory, and it becomes necessary, afterward, to show the amount of the testator's property, it may be done by parol.

"2d. The court erred in admitting in evidence the claim filed by Frances Smith, widow of the testator, against said estate."

This reason, not being discussed in the appellant's brief, is regarded as waived.

"3d. The court erred in permitting the executor, John O. Cravens, to testify in said cause."

The statute, 2 R. S. 1876, p. 133, sec. 2, provides, that "where an executor * * is a party in a case, where a judgment may be rendered either for or against the estate represented by such executor, * * neither party shall be allowed to testify as a witness, unless required by the opposite party, or by the court trying the cause." Where an objection to such testimony is overruled by the court, that is a sufficient indication of the intention of the court that the witness shall testify.

"4th. The court erred in refusing to give the jury each and all of the instructions requested by defendant."

These instructions are six in number. In his brief, the appellant says of them: "These charges are all founded on the theory that if the distribution of the estate was made by agreement, and voluntarily and without mistake, the appellees could not recover." That was an incorrect theory. No waiver of a widow's right to $500, under the decedents' act, can arise upon a mere acceptance of her legacy under a will, or upon her mere agreement as to the proper execution of the will.

"5th. The court erred in giving to the jury, of its own motion, each of the instructions numbered from 1 to 7, inclusively."

The appellant, in his brief, says: "These instructions are founded upon the theory that by no agreement can the widow waive the $500 allowed her by law." But this is a mistake. They are not founded upon such a theory, but on the fact that no waiver was proved. The court told the jury,

in substance, that a widow is entitled to $500, besides what she receives under a will, whether there be an inventory of the property or not, and that if money paid to a residuary legatee be needed to make up said $500, it may be recovered by the executors, after demand and refusal, although they took no refunding bond. The court also repeated some of the language of the will, and stated to the jury that there was no evidence that the executors or the widow agreed with the residuary legatee to waive her right to said $500. In view of the evidence, there was no error in the instructions given by the court.

6th. The verdict of the jury is not sustained by sufficient evidence.

7th. The verdict of the jury is contrary to law.

As to the last two reasons, we are satisfied that the verdict was in accordance with the evidence, and was not contrary to law.

8th. The damages are excessive.

Under this head, the appellant urges that the widow, in this case, is not entitled to one-half of the estate and $500 besides; but, where the will gives her one-half of the estate, this court has decided that the law gives her $500 in addition thereto. *Nelson* v. *Wilson* and *Whiteman* v. *Swem, supra*.

The motion for a new trial was properly overruled, and the judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court be, and the same is hereby, in all things affirmed, at the costs of the appellant.