Filed June 25, 1886.

---

No. 12,335.

## LANGLEY v. MAYHEW ET AL.

WILL.—*Decedents' Estates.*—*Widow's Statutory Right to Five Hundred Dollars.*—*Relinquishment.*—*Election.*—*Cases Criticised.*—The claim of the widow of a decedent to the five hundred dollars for which provision is made by section 2269, R. S. 1881, may be released and relinquished by her election to take under an inconsistent testamentary provision. *Nelson* v. *Wilson*, 61 Ind. 255, and *Whiteman* v. *Swem*, 71 Ind. 530, criticised.

PRACTICE.—*Jurisdiction.*—*Docketing Probate Cause as Civil Action Not Available Error.*—The docketing and trial as an ordinary civil action of a matter which belongs to the probate jurisdiction of the circuit court, is merely an irregularity, and not an available error.

From the Allen Circuit Court.

*R. S. Robertson* and *J. B. Harper*, for appellant.

*T. W. Wilson*, for appellees.

NIBLACK, C. J.—Petition by Hannah Langley, widow of John Langley, deceased, against Sarah Mayhew, executrix

of the last will and testament of the said John Langley, and the other devisees and legatees under the will, to have the final settlement of the estate set aside and reopened under the provisions of section 2403, R. S. 1881.

The petition charged that the petitioner was entitled to $500 out of the estate of the decedent as his widow, in addition to certain bequests to her by the will, which fact the executrix had fraudulently concealed from her, and that the estate was finally settled without her knowledge, and without paying her said sum of $500.

Issues were formed by general denials, and upon certain matters specially pleaded in defence.

At the request of the parties the circuit court made a special finding of the facts, which may be summarized as follows: That the decedent duly executed his last will on the 29th day of April, 1881, as charged in the petition, and thereafter, on the 19th day of July, 1881, died leaving said will, which was duly admitted to probate on the 21st day of the same month, in full force; that the first item of such will was in these words: "After the payment of all my just debts (of which I have very few), expenses of last sickness, and funeral expenses, out of my personal property, I will, bequeath and devise to my wife, Hannah Langley, the sum of fifteen hundred dollars, and if I shall not leave sufficient personal property to pay the same, it shall be a lien upon such real estate as is not specifically devised herein, and secondly, on such as is so devised: *Provided, however,* That whatever sum or amount shall be paid by me to the said Hannah during my lifetime shall be deducted from said sum of $1,500, and the sum of $487.61, notes of Robert Brooks, and secured by his mortgage, if accepted by her, is to be deducted therefrom. In addition to said sum of $1,500, I will and bequeath to said Hannah Langley all my household furniture and the use for and during her natural life of the house situate on the rear part of lot numbered twenty-four (24), Chute & Prince's addition to the city of Fort Wayne,

Allen county, Indiana, and sufficient ground to make good such use of said house. The above and foregoing being in lieu of any and all interest in my estate, both real and personal, which she might have as my widow." That devises were made to Sarah Mayhew, the executrix, and the other children of the decedent by said will; that the petitioner and respondents are the legatees and devisees named in the testator's will; that the said Sarah Mayhew was, on the said 21st day of July, 1881, appointed executrix of the will, and entered upon the administration of the testator's estate; that said executrix, on the 12th day of April, 1883, returned an inventory of the testator's personal estate which was valued at and fairly worth the sum of $1,762.46; that the real estate described in and disposed of by the will was all that the testator owned, or had any interest in, at the time of his death, and was of the aggregate value of $5,500; that, on the said 21st day of July, 1881, the petitioner accepted from the executrix the Brooks notes named in the will and delivered to her the following receipt:

"$487.61. Received of John Langley four hundred and eighty-seven $\frac{61}{100}$ dollars by notes of Robert Brooks, secured by mortgage, the same to apply upon and be credited and charged against a bequest of fifteen hundred dollars this day made to me by John Langley in his will, and which bequest I agree to accept in lieu of all rights in his estate as his widow. Fort Wayne, April 29th, 1881.

"HANNAH LANGLEY."

That, at the time of the execution of the will, the petitioner was present, and that it was arranged between her and the testator that she should execute the foregoing receipt and that the will and the receipt should be placed together in an envelope and left with the attorney, who drew them both, until after the testator's death; that, after the testator died, the executrix delivered the notes to the petitioner, and, with the latter's knowledge and consent, retained the receipt as a voucher to be used in the settlement of the estate; that, at

the same time, the executrix paid to the petitioner the sum
of $512.38 in cash, to be applied upon the bequest to the
latter by the will, and which was received and receipted for
by the petitioner; that the petitioner was then in the posses-
sion of the household and kitchen furniture bequeathed to
her, and so continued until the 21st day of April, 1883,
when she executed a receipt therefor to the executrix as a
legatee under the will; that in August and September, 1883,
the executrix paid to the petitioner sums of money amount-
ing in the aggregate to $500 more, in response to which pay-
ments the latter receipted to the former in full of all be-
quests under the will; that, after the death of the testator,
the petitioner took possession of the real estate devised to
her and has ever since occupied the same under the will;
that, on the 7th day of September, 1883, the executrix filed
in the Allen Circuit Court her account for the final settle-
ment of the estate upon which the clerk at the time indorsed,
with his name attached, the words "Hearing set for October
6th, 1883;" that the executrix thereupon gave notice to all
persons interested in the estate to appear in said circuit court
on the last named day and to show cause why such account
for final settlement should not be approved; also, requiring
the heirs, legatees and devisees to appear in court on the
same day and make proof of their respective claims to an
interest in the estate; that such notice was duly published
for two weeks successively before said 6th day of October,
1883, in the Fort Wayne Weekly Sentinel, a weekly news-
paper of general circulation printed and published in the
county of Allen, and posted up for a like length of time at
the door of the court house in said county; that, on the 7th
day of October, 1883, the court approved such account for
final settlement, and the executrix was, by order of court,
finally discharged; that the petitioner was not personally
summoned to appear in court at said final settlement of the
estate, nor was she present either in person or by attorney
at such final settlement; that this proceeding was commenced

on the 11th day of December, 1883, and was placed upon the common law docket of the court below, and all the entries and orders therein have been made upon the order-book containing the proceedings in ordinary civil actions; that the sum of $500 herein demanded has never been paid to the petitioner.

Upon the facts as thus found, the circuit court arrived at the following conclusions of law:

*First.* That the petitioner was not entitled to recover from the decedent's estate the sum of $500, or any other sum, in addition to what she had received under the will.

*Second.* That no cause had been shown for setting aside and re-opening the final settlement of the estate.

Exceptions were reserved to the conclusions of law at which the court thus arrived, and in support of the exceptions so reserved it is argued that the necessary inference from cases previously decided by this court is that a surviving wife can not be deprived of the $500 out of her deceased husband's estate, to which she is entitled under section 2269, R. S. 1881, as additional to any provision which her husband may make for her by his will, and the cases of *Loring* v. *Craft*, 16 Ind. 110, *Dunham* v. *Tappan*, 31 Ind. 173, *Bratney* v. *Curry*, 33 Ind. 399, *Leib* v. *Wilson*, 51 Ind. 550, *Schneider* v. *Piessner*, 54 Ind. 524, *Nelson* v. *Wilson*, 61 Ind. 255, *Whiteman* v. *Swem*, 71 Ind. 530, and *Smith* v. *Smith*, 76 Ind. 236, are cited as justifying that inference.

Some of the cases cited, and possibly others, have gone to an extreme limit in holding that widows were respectively entitled to receive a specific sum of money, under the law, in addition to provisions made for them by their husbands in their wills, and, in consequence, we feel it incumbent upon this court hereafter to limit, rather than extend, the doctrine of those cases. It was held, in the well considered case of *Morrison* v. *Bowman*, 29 Cal. 337, that if, by the general scope of the will, it appeared that the husband intended to dispose of all the property under his control, half of which,

under the law of that State, belonged to his wife, and that the assertion by her of her half-interest in the property must defeat the objects of the will, her acceptance of the provisions of the will was a relinquishment of all claim by her under the law. It is, too, an old rule in equitable jurisprudence, to which the administration of estates is closely allied, that a person shall not claim an interest under an instrument, whether it be a deed or a will, without giving full effect to such instrument as far as he can. This rule has been treated as one of universal application and without exception. It applies to the interests of married women; to interests immediate, remote or contingent; to interests of value or not of value. 2 Maddock Chancery, 47; 2 Story Equity Jurisprudence, section 1075; Pomeroy Equity Jurisprudence, sections 395, 461.

In the case of *Schneider* v. *Piessner, supra,* it was plainly intimated that a widow may release or relinquish her claim, under the law, to all interest in her husband's personal estate, and we know of no rule, whether of the statute or of the common law, which restrains her in the slightest degree from doing so. It is clearly inferable from sections 2491 and 2505, R. S. 1881, as well as from the text-writers, that the doctrine of election extends as much to an interest in the personal, as to an estate in the real, property of a decedent. 2 Redf. Wills, 369; 2 Jarman Wills, 1; Adams Equity, 92, *et seq.; Wright v. Jones,* 105 Ind. 17.

The claim of a widow to the statutory provision, made for her by section 2269 of the present code, may, therefore, be as readily relinquished by her election to take under an inconsistent provision of her late husband's will as any other right or interest in his estate.

As has been shown by the item of the will herein above set out, the provision made for the petitioner was declared to be in lieu of any and all other interests which she might have in the estate, whether real or personal, of the testator. This declaration became a condition in her acceptance of the pro-

visions made for her by the will, and her election to take under the will was, in legal effect, an abandonment of all other claims against the property of her late husband. Besides, by her receipt executed at the time the will was made, the validity of which she impliedly recognized after her husband's death, the petitioner expressly agreed to accept under the will in lieu of all other claims against his estate. When, therefore, the estate was finally settled, she was under a two-fold restraint not to assert any further claim against the property disposed of by the will. Consequently, the facts of this case take it out of the rules of construction recognized by our former cases bearing on the same general subject.

The fact that this cause was entered upon the common law docket of the court below, and that all the entries and orders made concerning it were spread upon the common law order-book, is also urged as an objection to the proceedings below. It is true that the circuit courts of the State have a separate and distinct probate jurisdiction, and that this cause belonged to, and was within that jurisdiction. *Noble* v. *McGinnis*, 55 Ind. 528 ; *Douthitt* v. *Smith*, 69 Ind. 463. But its being docketed and otherwise treated as an ordinary civil action was an irregularity merely, and at most a harmless error.

Cross error is assigned upon the alleged insufficiency of the petition, considered as a complaint to set aside and re-open the final settlement. But the view we have taken of the case, in other respects, renders it unnecessary that we shall consider any question arising upon the pleadings.

The judgment is affirmed, with costs.

Filed April 14, 1886.

### ON PETITION FOR A REHEARING.

NIBLACK, J.—Counsel for the appellant claim that we have, for reasons entirely unsatisfactory as well as wholly indefensible, declined to follow the conclusions logically resulting from our previous holdings, that widows are respectively entitled to an absolute sum out of the personal estate

of their late husbands, in addition to any provision which their husbands may have made for them by will, and plainly intimate that good faith requires that we shall apply the doctrine of our cases, so in effect holding, and which were cited at the former hearing, to the case at bar as again presented. But we held before that the facts as found by the circuit court clearly established a release by the appellant of all claim against her husband's estate, independently and outside of the provision made for her by his will, and that the release, so established by the special finding of the facts, took this case out of the range of those cases. To that holding we still adhere, and confess ourselves at a loss to understand how any well instructed person could have come to any other conclusion. Besides, while the subject is again before us, it may not be amiss, not only to repeat, but to emphasize our former intimation, that some of the cases, cited as above at the former hearing, have gone to an extreme limit as to the rights of widows to an absolute sum out of their husbands' personal estates, notwithstanding inconsistent testamentary provisions. We are, in fact, now prepared to go further, and to say that this court as at present constituted would not follow some of those cases to the extent to which they would lead us, and notably so of the cases of *Nelson* v. *Wilson*, 61 Ind. 255, and *Whiteman* v. *Swem*, 71 Ind. 530, but would in a proper case be inclined to accept the testamentary rule of construction laid down by the California case of *Morrison* v. *Bowman*, also cited and referred to in the principal opinion. The case of *Wright* v. *Jones*, also alluded to in the same connection, leads us unmistakably in that direction.

Conceding, nevertheless, all that is asserted in behalf of the merits of the appellant's claim as an original demand against the estate, the facts, as found at the trial, disclosed no such illegality, fraud or mistake in the final settlement as was necessary to obtain a re-opening of such final settlement, and for that reason, if for no other, the appellant failed to

show herself to be entitled to the relief demanded by her petition. R. S. 1881, section 2403.

The petition for a rehearing is overruled.

Filed June 26, 1886.