Shipman *v.* Keys, Administrator.

Judgment reversed.

Filed Feb. 27, 1891.

———————◆———————

No. 15,981.

## Shipman *v.* Keys, Administrator.

WILL.— *Widow.—Election.—Rights Under the Law.— When not Waived.—* Where a testator, by his will, makes a specific provision for his widow, but does not declare that such provision is to be in lieu of that made by the law, the widow's right to the five hundred dollars allowed her by law is not waived by her acceptance of the provisions of the will, unless the assertion by the widow of the right to take both under the law and under the will would defeat the purpose of the testator as shown by the disposition which he has made of the residue of his property.

SAME.—A general disposition of all the residue of the testator's property by residuary devise or bequest, not purporting to be in lieu of the widow's absolute claim, is not enough to compel her to elect between the provision made for her by the will and her absolute claim,·and she is entitled to both.

From the Henry Circuit Court.

*M. E. Forkner,* for appellant.

*C. M. Butler,* for appellee.

McBRIDE, J.—Appellant is the widow of David Shipman, deceased, late of Henry county, and the appellee is administrator, with the will annexed, of said deceased. The widow filed her petition in the Henry Circuit Court, asking that the appellee be ordered, pursuant to the terms of section 2269, R. S. 1881, to set off to her five hundred dollars in value of the personal estate of said decedent, or pay her said sum in money out of the first moneys received by him as

such administrator.  A copy of the will was made a part of the petition, and the circuit court having sustained a demurrer to the petition this appeal is prosecuted, and that ruling is assigned as error.  This is, in legal effect, an application for a construction of the will.

The will is short, and is as follows:

"In the name of the Benevolent Father of all: I, David Shipman, of the county of Henry, and State of Indiana, do make and publish this as my last will and testament:

"Item 1.  I give and bequeath to my beloved wife, Ellen Shipman, lot five (5), in block eleven (11), in the town of Knightstown, according to the original plat of said town, she to have and to hold the same in fee simple.

"Item 2.  I give and bequeath to my said wife the further sum of twelve hundred dollars, to be paid to her out of the first money that may come into the hands of my administrator after paying all my just debts.

"Item 3.  After paying all my debts, and the above legacy to my wife, I will and bequeath that the residue of my property be equally divided between my said wife and my children, she taking an equal share with each child.

"Signed this 10th day of October, 1890.

"DAVID SHIPMAN.

"ATTESTED:  C. D. MORGAN.

"JOHN E. KEYS."

The widow has elected to take the provision made for her by the will, and the question we are required to decide is whether or not she is entitled, in addition thereto, to the statutory allowance of five hundred dollars.

Statutes similar to section 2269, *supra*, have been in force in this State for more than forty years, and the courts have many times been required to construe and apply them.  By its express terms the statute applies to widows, whether the decedent died testate or intestate; and the fact that by the will the decedent has made provision for his widow, which she has accepted, does not necessarily deprive her of the right

to claim and receive in addition the statutory allowance. *Cheek* v. *Wilson*, 7 Ind. 354; *Loring* v. *Craft*, 16 Ind. 110; *Dunham* v. *Tappan*, 31 Ind. 173; *Bratney* v. *Curry*, 33 Ind. 399; *Nelson* v. *Wilson*, 61 Ind. 255; *Whiteman* v. *Swem*, 71 Ind. 530; *Langley* v. *Mayhew*, 107 Ind. 198; *Hurley* v. *McIver*, 119 Ind. 53.

This court, in construing this statute, and in applying it from time to time to the varying facts presented, has endeavored to formulate general rules for its application. In some of the cases the rule as apparently indicated by the language used was, however, much too broad, and seemed to go to the extreme extent of holding that in all cases a surviving wife was entitled to, and could not be deprived of, the statutory allowance of $500 regardless of the terms of the will.

In the case of *Langley* v. *Mayhew*, *supra*, this tendency to an undue enlargement of the rule was criticised, and the rule was limited. *Langley* v. *Mayhew*, *supra*, has since been followed in the case of *Hurley* v. *McIver*, *supra*. These cases must not be understood, however, as going further than to merely limit the rule in the manner indicated. It was not the intention of the court in these cases to swing to the opposite extreme and hold that in all cases, when provision is made by the will for the wife, her acceptance of such provision is a relinquishment of her right to the statutory allowance. To so hold would be to practically abrogate the statute as applied to widows of testate decedents. By its terms, as above stated, it applies to all widows, whether the husband dies testate or intestate, and to so limit its operation would make it apply only to such husbands dying testate as had made no provision whatever for the surviving wife. In the case of *Langley* v. *Mayhew*, *supra*, the testator, after making certain provision for his wife, added the following: "The above and foregoing being in lieu of any and all interest in my estate, both real and personal, which she might have as my widow." In such a case it can well

be held that the widow accepting the testamentary provision thus made for her relinquishes the statutory provision. The intention of the testator is so clearly expressed that to hold otherwise would be a palpable violation of settled rules for the construction of wills.

·When it clearly appears from the will, either by express statement or otherwise, that the provision therein made for the wife is intended to be in lieu of that made by the law, she must elect between the will and the law, and can not have the provision made by both. *Hurley* v. *McIver, supra; Wright* v. *Jones,* 105 Ind. 17 ; *Stewart* v. *Stewart,* 31 N. J. Eq. 398 ; *Morrison* v. *Bowman,* 29 Cal. 337.

When a husband has made specific provision for his widow, and has also disposed of all his other property in such a way as to make it apparent that the assertion by the widow of the right to take both under the law and under the will, would defeat the manifest purpose of the testator, she will be confined to the provisions made by the will, after she has effectually elected to take the benefits so provided. *Morrison* v. *Bowman, supra; Hurley* v. *McIver, supra; Langley* v. *Mayhew, supra.* While this is the rule, like many other general rules, there is sometimes difficulty in applying it to particular cases.

In the case now under consideration the husband, by the will, did make specific provision for his widow. He did not, however, in terms declare that such provision was to be in lieu of the provision which the law made for her. Would the assertion by her of her right to the allowance of $500 defeat the purpose of the testator as shown by the disposition which he has made of the residue of his property ?

In considering this question it must be borne in mind that the widow is to be favored in the construction of testamentary provisions in her behalf.

The widow's right to the allowance of $500 is, in some of its incidents, analogous to the right of dower. The husband can not, by any act, deprive her of it against her will,

and she may, as has been seen, take it, and in addition take that which the will gives. Of dower, the rule, as established by the overwhelming weight of authority, is:

" If the will declares in express words that the testamentary gift is intended to be in lieu of dower, the widow is obliged even at law to elect. When, however, the will contains no such express words, every devise or bequest made to the wife is presumed to be intended as a provision in addition to her dower right, and in general she will not be required to elect. The duty of electing may arise even in the absence of any express declaration that the testamentary gift is in lieu of dower, but can only arise from a clear, unequivocal intention exhibited in provisions of the will incompatible with the right of dower. * * * ' If there is any thing ambiguous or doubtful, if the court can not say that it was clearly the intention to exclude, then the averment that the gift was made in lieu of dower can not be supported.' * * * To enable us to deduce such an implied intention, the claim of dower must be inconsistent with the will, and repugnant to its dispositions, or some of them. It must, in fact, disturb or disappoint the will. * * * It is not sufficient that the will renders it doubtful whether he intended that she should have her dower in addition to the provision ; but the terms and provisions of the will must be totally inconsistent with her claim of dower in the property in which such dower is claimed." 1 Pomeroy Eq. Jur., p. 539, section 493, and cases there cited."

In the case of *Kelly* v. *Stinson*, 8 Blackf. 387, it is said : " The cases in which the question has arisen whether the widow should be put to her election to take the benefits given to her by the will, or her dower out of the testator's estate, are very numerous. They all seem to agree in the proposition, that nothing would deprive her of her right of dower but express declaration, or such direct and manifest repugnancy between that right and the disposition of the real estate, that they could not possibly stand together."

In *Lewis* v. *Smith*, 9 N. Y. 502, it is said : "The devises in the will must be so repugnant to the claim of dower that they can not stand together." See, also, *Ostrander* v. *Spickard*, 8 Blackf. 227, where it is said : "She was not restricted to the taking of one, nor could she be compelled to elect between them, except in those cases where 'her taking dower would operate to overturn the will,' or where 'the gift to her was said to be in recompense or satisfaction of dower.'"

We can see no good reason why the rules thus laid down relative to dower are not equally applicable to the widow's statutory claim to $500.

Section 2505, R. S. 1881, requires a widow to elect between her statutory rights in her husband's lands and any testamentary provision made for her in lieu thereof. That section, however, applies only to her interest in his lands, and has no application to her statutory allowance of $500. There is no statute requiring her to elect as to that allowance, and the rule requiring her to elect, like that relating to dower, must be deduced from the principles of equity and the common law.

If a decedent, by his will, makes provision for his widow, and specifically disposes of all the residue of his estate, so that the assertion by the widow of her statutory claim would defeat some material provision thereof, she will be required to elect, and can not take both.

A general disposition of all the residue of his property by residuary devise or bequest, not purporting to be in lieu of such absolute claim, is not enough, however, to compel an election.

Such devise or bequest will be construed as made in view of her absolute statutory rights, and subject thereto, and only operates on the residue after the payment of debts and expenses of administration, and the satisfaction of specific devises, legacies and rights.

There is nothing in the will in this case inconsistent with

the widow's claim to take both the statutory allowance of $500 and the provision made for her by the will.

The court below erred in sustaining the demurrer to the complaint.

Judgment reversed, with costs.

