WHISNAND v. FEE, EXECUTOR.

[No. 2,641.   Filed December 14, 1898.]

WILLS.—*Widow.*—*Election to Take Under the Will.*—*Statutory Allowance.*—A widow is entitled to the statutory allowance of $500 notwithstanding she elects to take under her husband's will, unless it appears from the will that it was the manifest intention of the testator that the provision made for her in the will was intended to be in lieu of her statutory rights.

From the Monroe Circuit Court.   *Reversed.*

*J. E. Henley* and *J. B. Wilson*, for appellant.

*R. W. Miers* and *Edwin Corr*, for appellee.

WILEY, J.—This cause was transferred to this court

by the Supreme Court, and under the statute such transfer is final. The only question presented by the record is the right of appellant, as the widow of John C. Whisnand, to have paid to her the $500 allowed by section 2269, Horner's R. S. 1897, notwithstanding the fact that she elected to take under the will of her deceased husband. The case was presented to the court below upon an agreed statement of facts, where a judgment was rendered against appellant. She excepted to the judgment, and the question is properly presented for decision. The agreed facts, so far as they are pertinent, are as follows: That John C. Whisnand, died testate August 20, 1897, leaving surviving him his widow (appellant), who was a childless second wife, and Armina Ousler, his only child by a former marriage; that the will of the decedent was duly probated, and appellee was appointed executor and was qualified as such August 31, 1897; that by said will he bequeathed to appellant one note for $750, one note for $200, also $1,250 in cash, also certain real estate, and also certain personal property, describing it. In the agreed statement of facts it also appears from the will, which is copied bodily as part of the facts, that the decedent made certain bequests to his daughter and his grandchildren. The seventh subdivision of the will is as follows: "Seventh: All the residue of my property, real and personal, not herein disposed of, I hereby give, devise and bequeath to my wife, Margaret Whisnand, and to my grandchildren Golda May and Roy H. Ousler, share and share alike." It was further agreed that on September 18, 1897, the appellant elected to take under the will, which election was in writing, and duly acknowledged, and filed in the office of the clerk of the Monroe Circuit Court. It was further agreed that after the payment of all specific bequests in said will, and

all debts of said estate, that there remains for distribution $2,500, and that on October 23, 1897, appellant demanded of the executor the payment to her of $500 by virtue of the statute in such cases made and provided. The statute, section 2269, *supra*, provides that, "the widow of the decedent, whether he dies testate or intestate, may, at any time before the sale, select and take articles therein named [in the inventory] at the appraisement, not exceeding, in the aggregate five hundred dollars." The statute further provides that if the widow refuses or fails to take all or any part of the articles, etc., she shall be entitled to the deficiency in cash. Under the latter provision of the statute, if the widow does not select the articles inventoried to the value of $500, she is entitled to the residue, or whole amount in cash, out of the first money coming into the hands of the administrator. *Leib* v. *Wilson*, 51 Ind. 550. In several cases it has been held that this allowance of $500 to the widow is independent of debts, dower, or testamentary provisions in her favor. *Cheek* v. *Wilson*, 7 Ind. 354; *Schneider* v. *Piessner*, 54 Ind. 524; *Nelson* v. *Wilson*, 61 Ind. 255; *Loring* v. *Craft*, 16 Ind. 110; *Dunham* v. *Tappan*, 31 Ind. 173; *Bratney* v. *Curry*, 33 Ind. 399.

In the case last cited, in discussing the provision of the statute under consideration, it was held that the right to the sum therein provided gives the widow "a credit for the necessaries of life at once upon the husband's death, and the means of decent burial should she die before the amount comes to her hands. The statute requires a liberal, instead of a narrow, interpretation, in order to accomplish the purposes of the legislature in enacting it."

In *Langley* v. *Mayhew*, 107 Ind. 198, *Nelson* v. *Wilson*, *supra*, and *Whiteman* v. *Swem*, 71 Ind. 530, were criticised, in which the court said: "Some of the cases

cited, * * * have gone to the extreme limit in holding that widows were respectively entitled to receive a specific sum of money, under the law, in addition to provisions made for them by their husbands in their wills, and, in consequence, we feel it incumbent upon this court hereafter to limit, rather than extend, the doctrine of these cases."

. In *Morrison* v. *Bowman*, 29 Cal. 337, it was held that, if by the general scope of the will, it appeared that the husband intended to dispose of all the property under his control, half of which, under the law of that state, belonged to his wife, and that the assertion by her of her half interest in the property must defeat the provisions of the will, her acceptance of the provisions of the will was a relinquishment of all claim by her under the law. This doctrine was quoted with approval by the Supreme Court in *Langley* v. *Mayhew, supra*. It is an old rule in equitable jurisprudence to which the administration of estates is closely allied, that a person shall not claim an interest under an instrument, whether it be a deed or will, without giving full effect to such instrument as far as he can. This rule has been treated as one of universal application without exception. It applies to the interests of married women; to the interests of immediate, remote or contingent; to the interests of value or not of value. *Langley* v. *Mayhew, supra;* 2 Maddock Ch. 47; 2 Story Eq. Juris., section 1075; Pom. Eq. Juris., sections 395, 461.

In *Shafer* v. *Shafer*, 129 Ind. 394, it was said: "Whatever may have been the rule of construction in this State prior to the decision in the case of *Langley* v. *Mayhew*, 107 Ind. 198, it is now settled that where a husband has made specific provision for his widow, and has also disposed of all his other property

in such a way as to make it apparent that the asser-
tion by the widow of the right to take both under the
law and under the will would defeat the manifest
purpose of the testator, she will be confined to the
provisions made by the will, if she elects to take the
provision made for her.

In *Hurley* v. *McIver*, 119 Ind. 53, it was held that
where a husband made specific provision for his wid-
ow, and has disposed of all his other property in such
a way as to make it apparent that the assertion by
the widow of the right to take both under the law
and under the will, would defeat the manifest pur-
pose of the testator, she will be confined to the pro-
vision made by the will, after she has effectually
elected to take the benefits so provided.   In the case
last cited, the court, by Mitchell J., said:   "While a
testator may not have the power to dispose of prop-
erty which the law casts upon his widow, nor to de-
prive her of the five hundred dollars to which she is
entitled by law, yet if it plainly appears that it was
his purpose to do so, and the widow has accepted a
testamentary provision made for her, such acceptance
is a confirmation of the testamentary disposition, and
waives her right under the law."   The court also ap-
proves and adheres to the decision in *Langley* v. *May-
hew, supra*.

In *Snodgrass* v. *Meeks*, 12 Ind. App. 70, in constru-
ing section 2269, *supra*, this court, by Rheinhard, said:
"It would seem from the reading of this statute, that
the widow is entitled to claim her $500 absolutely,
without regard to the fact whether the decedent died
testate or intestate.   *   *   *   There is, however, one
exception to the rule, that she may take the $500, will
or no will, and that is where the provisions of the
will are inconsistent with her taking the statutory
allowance of $500 and she accepts under the will.  In

that case the acceptance is a waiver of her claim to the personalty under the statute, as otherwise she would be enabled, by the assertion of both claims, to defeat the will of the testator." In the case from which we have just quoted, it was not claimed that the widow made an election to take under the law and to reject the provisions of the will, but it appears that she made no such election, and this being true, under the statute, she will be deemed to have taken under the will. See *Fosher* v. *Guilliams*, 120 Ind. 172. If a widow elects to take under a will, she is bound to give effect to all of its provisions and perform the burdens attached to the benefits. See *Snodgrass* v. *Meeks*, *supra; Moore* v. *Baker*, 4 Ind. App. 115. From all the authorities it seems that the rule is firmly settled in this State, that if it appears from the will it was the manifest intention of the testator, that the provisions of the will affecting the rights of the widow were intended in lieu of her statutory rights, and that by the will all of the testator's property was specifically disposed of, and that the widow elects to take under the will, then she is estopped from claiming under the statute. This is a wholesome and just rule, and rests upon the ground that in such case, where she is permitted to take both under the will and the statute, she would defeat the manifest intention of the testator, and this the courts will not sanction.

In *Shipman* v. *Keys*, 127 Ind. 353, the Supreme Court, it seems to us, have passed upon and settled the exact question before us. In that case the testator's will consisted of three items. In item one, he bequeathed to his wife (appellant) certain real estate. In item two he bequeathed to her $1,250 in cash. Item three was as follows: "Item 3. After paying all my debts, and the above legacy to my wife, I will and bequeath that the residue of my property be equally di-

vided between my said wife and my children, she taking an equal share with each child." Appellant elected to take under the will, and also filed a petition to require the administrator to pay her the $500 allowed by statute, in addition to the bequests made to her. In this case, speaking of *Langley* v. *Mayhew, supra,* and *Hurley* v. *McIver, supra,* the court says: "These cases must not be understood, however, as going further than to merely limit the rule in the manner indicated. It was not the intention of the court in these cases to swing to the opposite extreme and hold that in all cases, when provision is made by the will for the wife, her acceptance of such provision is a relinquishment of her right to the statutory allowance." Continuing, the court said: "In the case now under consideration the husband, by the will, did make specific provisions for his widow. He did not, however, in terms declare that such provision was to be in lieu of the provision which the law made for her. Would the assertion by her of her right to the allowance of $500 defeat the purpose of the testator as shown by the disposition which he has made of the residue of the property?" It was held that such assertion by the widow to take under the will would not defeat the purpose of the testator. It was held in that case that the widow's right to the allowance of $500, in some of its incidents, was analogous to the right of dower. After ably discussing the question, showing that the husband could not by any act deprive the widow of dower against her will, and that she could take it, and in addition could take that which the will gives, the court concludes as follows: "If a decedent, by his will, makes provision for his widow, and specifically disposes of all the residue of his estate, so that the assertion by the widow of her statutory claim would defeat some material provision

thereof, she will be required to elect, and cannot take both. A general disposition of all the residue of his property by residuary devise or bequest, not purporting to be in lieu of such absolute claim is not enough, however, to compel an election. Such devise will be construed as made in view of her absolute statutory rights, and subject thereto, and only operates on the residue after payment of debts and expenses of administration, and the satisfaction of specific devises, legacies and rights. There is nothing in the will in this case inconsistent with the widow's claim to take both the statutory allowance of $500 and the provision made for her by the will."

Following the rule laid down in *Shipman* v. *Keys, supra,* are the cases of *Richards* v. *Hollis,* 8 Ind. App. 353, and *Blake* v. *Blake,* 15 Ind. App. 492. We do not deem it necessary to quote from these cases, but they are directly in point. The recent case of *Pierce* v. *Pierce, ante,* 184, is in harmony with the authorities above cited, and strongly supports appellant's contention in the case before us. It follows from the authorities that the court erred in rendering judgment against appellant. The judgment is therefore reversed, with instructions to the court below to render judgment for appellant for $500 upon the agreed statement of facts.