May Term, 1848.

Jelly, Administrator *de bonis non* of the estate of Elliott, deceased, *v.* Elliott.

JELLY
v.
ELLIOTT.

An insane person cannot sue by a solicitor.

The act of 1843, which entitles the widow to select, at its appraised value, property of her deceased husband to the amount of 150 dollars, or to take 150 dollars out of the proceeds of the sale thereof, applies to personal property only. .

ERROR to the *Dearborn* Probate Court.

Tuesday, June 13.

Blackford, J.—The record states that on the 23d of *November*, 1843, *Polly Elliott*, by *Brown* and *Dumont*, her solicitors, filed a petition in the Probate Court. The petition states that the petitioner is resident in the state of *New Hampshire;* that she is the widow of *Samuel Elliott*, deceased, who had lately died in *Dearborn* county, *Indiana;* that the defendant, who is the administrator of the estate of the deceased, has in his hands more than 500 dollars belonging to the estate; that the petitioner, as widow as aforesaid, has a right to 150 dollars of said money; that she has demanded the same of the defendant, but he refuses to pay it, &c.

The petition is signed, as follows: "*Polly Elliott, Brown* and *Dumont*, solicitors."

HARVARD LAW SCHOOL LIBRARY.

The defendant, as administrator *de bonis non* of said estate, answers, that he has been informed that there is a *Polly Elliott* in the state of *New Hampshire*, widow of said intestate, but he has been informed and believes that she is, and has been for many years, insane; and that she cannot, therefore, appear in Court by attorney, " and he now charges such to be true."

The answer further states, that the defendant has 500 dollars in his hands as administrator *de bonis non* of the estate, but alleges that the former administrators, in 1834, sold personal property of the estate to the amount of 378 dollars and 47 cents; that no demand was made by said widow for her portion of the personal property at the valuation thereof before such sale; that the proceeds of said sale were paid out by the former administrators for debts owed by the estate, or were otherwise

disposed of, so that no portion of said proceeds ever came to the hands of the defendant; that the money in the defendant's hands arose from the sale of lands of the estate, sold by order of said Court, subject to the widow's right of dower therein; and that, before the defendant's appointment as administrator *de bonis non*, said estate was declared by the Court insolvent, and is now being settled as such.

This answer is sworn to by the defendant. The record states that at the *August* term, 1844, the parties came, by their attorneys, and the cause was submitted to the Court on the petition and answer. The Court rendered a decree in favor of the petitioner for the amount claimed in her petition.

A bill of exceptions shows that, at the trial, it was agreed by the counsel that the petition and answer contained a true statement of the facts of the case.

If, by the agreement mentioned in the bill of exceptions, the petitioner's insanity is admitted, the suit should have been dismissed. An insane person cannot sue by a solicitor. But that objection need not be further noticed.

The widow's claim on the estate to a certain amount without being liable to account therefor, was expressly limited by the statutes previous to that of 1843, to personal property. The act of 1831, says: "And such widow, &c., may select, at the time of valuation, 100 dollars in value, of the personal estate of her deceased husband, for which she shall not be required to account in any manner whatever." R. C., 1831, p. 209. The act of 1838 is the same. R. S., 1838, p. 238. The following is the act of 1843: "The widow of any decedent shall be entitled to select, at its appraised value, property of her deceased husband to the amount of 150 dollars, or, if the said property shall have been sold, shall be entitled to receive out of the proceeds of such sale the sum of 150 dollars in money, for which she shall not account." R. S. 1843, p. 1049.

The petitioner relies upon the statute last named,

which, she contends, applies to real estate. According to that statute, the selection must be made from the property which has been appraised. The law requires an appraisement of the goods of a decedent to be made in all cases; but it is not so as to land.

It is only after the personal estate is exhausted, and a sale of land is required to pay debts, that any of the land is to be appraised. The 150 dollars in property at its appraised value could be generally delivered to the widow in goods without difficulty; but it would be otherwise as to real estate. We conclude, therefore, that the act of 1843 was intended by the legislature to apply, as the previous statutes above cited do, to personal property only.

It is not necessary to inquire which of said statutes governs this case.

The original administrators disposed of personal property of the estate to the amount of 378 dollars and 47 cents, with which they paid debts of the estate.

The defendant is an administrator *de bonis non;* and before his appointment the estate was declared insolvent. The money in his hands arose from the sale of lands of the estate sold by order of the Court. As no personal property of the estate, nor any proceeds of the sale of such property appears to have ever come into the defendant's possession, he is not shown to be liable to the petitioner, under any of the statutes cited, for the claim set out in the petition.

*Per Curiam.* — The decree is reversed, with costs. Cause remanded, &c.

*D. S. Major*, for the plaintiff.

*J. T. Brown* and *E. Dumont*, for the defendant.