## CHEEK and Others *v.* WILSON, Administrator.

The statute of 1843 which gave to the widow 150 dollars out of her husband's estate, for which she should not account, was meant as a provision independent of dower, or of bequests contained in a will.

*Wednesday,
December 26.*

APPEAL from the *Dearborn* Circuit Court.

PERKINS, J.—Suit by *Wilson,* administrator of *Daniel Lynn,* deceased, against *Elizabeth H. Cheek,* formerly *Elizabeth H. Lynn,* widow of said *Daniel Lynn,* deceased, on a promissory note. The surety on the note, and her now husband are sued jointly with her, but the fact is not material to be remembered. A denial of the complaint was put in. The following agreement of counsel presents the only question to be decided.

"The parties agree that if the said *Elizabeth H. Cheek,* who was the widow of *Daniel Lynn,* senior, deceased, who made his last will and testament, by which he bequeathed certain personal property to the said *Elizabeth H.,* which she has accepted and received, and also a life estate in said real estate described in said will, is entitled to have of said estate 150 dollars in money or property, then there shall be credit allowed on the note on which this suit was

brought of 150 dollars, and a judgment for the residue of said note, deducting the credits indorsed, against defendants. And it is further submitted to the Court to determine whether or not the property bequeathed to the said *Elizabeth H.* by the will, should be considered by the Court as a part of 150 dollars, or equal thereto in value."

The statute which governs this case, R. S. 1843, p. 1049, gave to the widow 150 dollars out of her husband's estate, for which she was not bound in any manner to account. We think the sum independent of dower, or bequests in a will. See *Kellogg et al.* v. *Graves et al.*, 5 Ind. R. 509.

The Court below should have allowed the credit.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to the Circuit Court to allow said credit.

*D. S. Major* and *A. Brower*, for the appellants.

*J. T. Brown*, for the appellee.