*Horace P. Biddle* and *N. Black*, for the appellant.

---

LORING *v.* CRAFT, Executor of LORING.

A surviving wife is entitled to the sum of $300, allowed to her by 1 R. S., § 21, p. 251, notwithstanding she may have accepted the provision made for her by the will of her husband.

*Wednesday, May 29.*

APPEAL from the *Ohio* Circuit Court.

*Per Curiam.—Bradley B. Loring* made his last will, disposing of all of his property, and died. He left a widow, who, with others, was a devisee in the will. The widow took the provision made for her in the will; and she now sues the executor for the sum of $300, which she claims is vested in her by statute, over and above the provision made for her in the will. 1 R. S., § 21, p. 251.

With some hesitation, we have concluded she is entitled to recover. *Cheek* v. *Wilson*, 7 Ind. 354; 8 *id.* 71; 1 R. S., § 41, p. 255. See *Collier* v. *Collier*, 3 Ohio St. Rep. 369.

The judgment is reversed, with costs. Cause remanded, &c.

*W. S. Holman*, for the appellant.

*A. C. Downey*, for the appellee.

(1.) By counsel for appellee : The will disposes of all the testator's property, and the claim of the widow can not be allowed without defeating other bequests.

May Term,
1861.

"A leading, if not the earliest decision as to election, is *Noyes* v. *Mordaunt*, a case of *real estate*, which was followed by *Vincent* v. *Vincent*, a case of personal estate, by *French* v. *Standish*, the case of a *copy-hold estate*, and by many other cases; the result of which appears to be, *that a person shall not claim an interest under an instrument*, whether a *deed* or a *will, without giving full effect to that instrument as far as he can*. This rule has been said to be universal, and without exception. It applies to interests of married women; interests immediate, remote, or contingent; of value or not of value." 2 Maddock's Chan. 47. See, also, 2 Story's Eq. Jur. § 1075.