## NELSON, EXECUTOR, v. WILSON.

**WILL.**— *Widow's Right to Five Hundred Dollars.*—The widow of a testator is entitled to five hundred dollars, in personal property or money, out of his estate, as provided by statute, in addition to any devise made in her behalf by the will.

From the Posey Circuit Court.

*A. P. Hovey* and *G. V. Menzies*, for appellant.

*W. P. Edson*, for appellee.

PERKINS, J.—" This was an action by appellee, as widow of John S. L. Wilson, deceased, against appellant, as executor of the last will and testament of the decedent, to recover the sum of five hundred dollars, over and above the amount of property bequeathed her by the will of her husband.

" Answer of appellant, alleging that appellee, as widow of decedent, received from appellant, as executor of the last will and testament of her husband, personal property of the value of nine hundred and ninety dollars, the amount bequeathed her by her husband, and that appellee, with a full knowledge of her rights

under the statutes of the State, and with a full knowledge of the terms and provisions of the will, and well knowing the premises, made her election to take under the will, instead of under the statute, and failed, neglected and refused to make any renunciation of the same, and received from appellant, as executor, etc., said sum of money, has enjoyed the same, entered upon and taken possession of the real estate devised her by the will.

"The action of the court, in sustaining appellee's demurrer to appellant's answer, and in rendering judgment for appellee, is the error assigned.

"The sufficiency of the answer raises the whole question: Can appellee, the averments in the answer being true, recover a further sum of five hundred dollars, under the statutes of Indiana, over and above the amount already paid her by appellant?

"We are aware that this court seems to have decided the point in favor of the right of appellee, in *Loring* v. *Craft*, 16 Ind. 110, but we contend, that that case, with all due respect to the court, was ill-considered, not fully discussed, and is directly at variance with the whole current of opinion and decisions both in England and the United States, and we respectfully ask that it may be reviewed, and, if found against reason and authority, overruled."

We take the foregoing statement of the case and of the question to be decided from appellant's brief.

From an early period in the history of the State, we have had a statutory provision allowing a widow to select, from the property left by her deceased husband, an amount for which she should "not be required to account." See *Jelly* v. *Elliott*, 1 Ind. 119.

In *Bratney* v. *Curry*, 33 Ind. 399, it is said of this provision, by FRAZER, Judge, that the right to this sum gives the widow "a credit for the necessaries of life at once upon the husband's death, and the means of decent burial should she die before the amount comes to her

hands. The statute requires a liberal, instead of a narrow, interpretation, in order to accomplish the purposes of the Legislature in enacting it." See *Kellogg* v. *Graves*, 5 Ind. 509.

In *Cheek* v. *Wilson*, 7 Ind. 354, it was held, that the provision was meant to be " independent of dower, or of bequests contained in a will."

In *Loring* v. *Craft*, 16 Ind. 110, the decision in *Cheek* v. *Wilson, supra*, was followed.

In *Dunham* v. *Tappan*, 31 Ind. 173, it was decided, that " A surviving wife who has accepted the provision made for her by the will of her deceased husband is entitled also to the sum of three hundred dollars, allowed her " by section 21, 1 R. S. 1876, p. 412.

∴ The court say : " *Loring* v. *Craft*, 16 Ind. 110, is directly in point; and we have no doubt of the correctness of that decision."

The judgment is affirmed, with costs.