BOWMAN, ADMINISTRATOR, *v.* OLRICK ET AL.

[No. 20,600. Filed November 15, 1905.]

1. WILLS.—*Widow's Election.—Statutes.*—The widow of a testate decedent is entitled under §2424 Burns 1901, §2269 R. S. 1881, to an allowance from his estate of $500 unless his will, directly or by necessary implication, forbids her acceptance of such allowance and the provisions contained in such will. p. 482.

2. SAME. — *Statutes.—Widow's Election.—How Shown.*—Under §2666 Burns 1901, Acts 1885, p. 239, the failure of the widow to elect in writing to take under the will or under the law is an election to take under the will. p. 482.

3. SAME. — *Widow's Election. — Evidence.—Statutes.*—Where a will devised to the widow a life estate in the homestead, remainder over, and testator died intestate as to other real estate of the value of $160, such testator leaving no other property, and the widow made no election as to such will, but continued in possession of such homestead for about fifteen years and sold her interest in the undevised tract, the terms of the will forbade the acceptance of the allowance of $500 provided by §2424 Burns 1901, §2269 R. S. 1881. p. 482.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Proceeding by Fred Bowman as administrator with the will annexed of the estate of William Hoofhouse, deceased, against Jennie Olrick and others. From a decree for defendants, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Herbert S. Barr,* for appellant.
*Otto J. Bruce* and *Milo M. Bruce,* for appellees.

MONTGOMERY, J.—Appellant, as administrator with the will annexed of the estate of William Hoofhouse, deceased, filed his petition to obtain an order for the sale of real estate to make assets, for the payment of expenses of administration, legacies, and a statutory claim of $500 prosecuted by the administrator of the decedent's widow. Appellee Jennie Olrick filed a cross-complaint, praying that her title to said real estate as the devisee of William Hoofhouse be quieted. The cause was tried upon the issues joined, upon the petition and said appellee's cross-complaint. At the request of the parties the court made a special finding of facts, upon which conclusions of law were stated.

The question involved is presented by the assignment that the court erred in its first conclusion of law.

The material facts found were: William Hoofhouse died testate, at Lake county, August 4, 1888, the owner in fee of the southwest quarter of the southwest quarter of section thirteen, township thirty-three, range nine, and also of an undivided one-half of lot number one, in section nine, township thirty-two, range seven, in said county. His last will was as follows: "Eagle Creek, Lake county, Indiana. August 4, 1888. This is to certify that I, William Hoofhouse, do make my last will and testament in which Effie Hoofhouse (my wife) is to have our homestead, containing forty acres, with rents and profits therefrom, including the present year 1888, during her lifetime, after which time

such estate will go to my daughter Jennie J. Alreack, or her children; but if said daughter or her children should not live to inherit said estate, then it is to be divided equally between my wife's children, Fred Bowman and Ida (Bowman) Ross, or their heirs. Also if said daughter of [or] her children should live to inherit said estate, then said daughter or children shall pay Fred Bowman and Ida Ross $150 in cash, each or their heirs.                    his

Witnesses:  W. W. Temple,          William X Hoofhouse.
                 John Black, Jerome Temple.    mark."

On August 7, 1888, said will was duly probated and recorded. At the time of his death, and for more than ten years prior thereto, the decedent occupied said forty-acre tract of land in section thirteen as a homestead. His widow never made nor filed any election to take under the provisions of said will. At the time of his death said decedent owned no property other than said tracts of land, and his surviving heirs were his widow, Effie Hoofhouse, and his daughter, Jennie Olrick, named in said will as Jennie J. Alreack. On March 3, 1902, said widow executed a warranty deed conveying her interest in said lot number one to Benjamin Gifford for $80, and on May 26, 1902, said Jennie Olrick executed a warranty deed conveying her interest in said lot to said Gifford for the sum of $80, and $160 was the fair cash value of an undivided one-half of said lot from the time of decedent's death to the date of said conveyances. On February 25, 1903, appellant was appointed and qualified as administrator, with the will annexed, of the estate of said decedent. No personal property of said decedent has come into his hands. At the time of the commencement of this proceeding neither of the legacies provided for in said will had been paid, nor had the statutory allowance, nor any part thereof, been paid to the widow of said decedent, or to any

one else for her, either in property or money, and there was
no personal estate out of which the same might be collected.
On the 27th day of April, 1903, after the commencement
of this proceeding, appellees in open court paid into the
estate of said decedent $300 for the use of the legatees
named in said will. On March 6, 1903, said Effie Hoof-
house died, intestate, and on March 19, 1903, Oliver B.
Ross was appointed and qualified as administrator of her
estate, and as such on March 31, 1903, filed a claim of
$500, being the widow's statutory allowance, against the
estate of the decedent, William Hoofhouse, which was al-
lowed by appellant and remains unpaid. The decedent,
William Hoofhouse, left no debts other than the claim of
his widow for $500, and said legacies of $300. Said widow
never made any written election to take either under the
will or the law, but, as such widow, remained in possession
of the whole of said forty-acre tract of land continuously
from the date of her husband's death until her death, and
each year during said period collected and received the
rents and profits arising therefrom, including that part of
the year remaining after the death of said decedent. On
the 1st day of February, 1904, the cross-complainant, Jen-
nie Olrick, executed and filed her bond in the sum of $100,
payable to the administrator of the estate of William Hoof-
house, conditioned to pay all liabilities, eventually due from
said estate, with all charges of administration so far as the
personal estate is insufficient, and said bond was on said day
approved by the court.

The court stated as one of the conclusions of law upon
these facts: "(1) That the land mentioned in the plaintiff's
complaint, to wit, the southwest quarter of the southwest
quarter of section thirteen, township thirty-three, range
nine, is not subject to sale for the payment of a statutory
allowance of $500 or any part of it, claimed to be due Effie
Hoofhouse as widow of William Hoofhouse."

Section 2424 Burns 1901, §2269 R. S. 1881, gives to a widow $500 payable in property or money, at her option, whether her husband die testate or intestate. The mere fact that she has elected to accept a testamentary provision made for her by her husband will not deprive her of this absolute statutory allowance. *Shipman* v. *Keys* (1891), 127 Ind. 353, and cases cited. If the testamentary provision was intended by her husband to be in lieu of her statutory rights to his estate, then her acceptance of such provision will operate as a waiver of her rights under the statute. This intention of the testator need not be declared in so many words, but may be deduced or implied when the enforcement of the widow's claim under the law would be plainly inconsistent with the will. *Hurley* v. *McIver* (1889), 119 Ind. 53; *Shafer* v. *Shafer* (1892), 129 Ind. 394; *Buffington* v. *Buffington* (1898), 151 Ind. 200; *Cameron* v. *Parish* (1900), 155 Ind. 329; *Langley* v. *Mayhew* (1886), 107 Ind. 198; *Snodgrass* v. *Meeks* (1895), 12 Ind. App. 70.

The decedent left no personal estate, and his widow made no written election respecting the same. The real estate owned by the decedent was all devised by his will except his interest in one tract of the value of $160, as to which he died intestate. The widow made no written election to reject the provisions made for her benefit by his will, and therefore, by the express terms of the statute, must be regarded as having taken under the will. §2666 Burns 1901, Acts 1885, p. 239. The court has found as a fact that the widow did receive and enjoy all the benefits of the testamentary provisions made for her, during her entire lifetime. The enforcement of her statutory claim for $500 during her life would have necessitated a sale of the homestead, and deprived her of that comfortable provision which her husband

intended she should enjoy, and defeated the devise over to his only daughter, and thus in great measure, if not wholly, overthrown the plain intent of the will. No effort to enforce this claim was made for nearly fifteen years after it accrued, which does not accord with the spirit of the statute in providing an allowance evidently intended for the immediate use of the widow, but, unexplained, rather confirms the waiver which the law implies.

In the case of *Hurley* v. *McIver, supra,* the court, pertinent to the matter under consideration, said: "The land which the administrator is seeking to sell was devised to the testator's son, without any suggestion that it was subject to any other incumbrance than the life estate previously devised to his mother. It is manifest, if it is now subject to be sold to pay $500 to the administrator of the widow, that the intention of the testator will be, to that extent, set aside and disregarded, and the provisions of the will thrown into confusion and disorder."

We quote from the case of *Snodgrass* v. *Meeks, supra,* the following: "The appellee can not properly claim the $500 unless the widow could have claimed it. If the widow had elected to take under the will and could also have collected her $500, the real estate in which she had a life interest would necessarily have to be sold to make assets for that purpose. This would give the widow enough of the proceeds of the real estate to make the $500, but would also give her a life estate in the remainder, which is absolutely inconsistent with the provisions of the will. To claim the $500, therefore, she would have to elect to take under the law and reject the provisions of the will."

The decedent, Hoofhouse, did not dispose of his entire estate by will; but the value of the lands undevised was small and wholly inadequate to pay the claim now prosecuted. The acceptance and enjoyment of the provisions of

the will by the widow was therefore inconsistent with the holding and enforcement of this claim, and the claim was accordingly waived.

It follows that the conclusion of law to which appellant excepted was, upon the facts stated, correct. The judgment is affirmed.

Gillett, J., did not participate in this decision.