BELL, ADMINISTRATOR, *v.* UNION TRUST COMPANY, EXECUTOR.

[No. 13,774.   Filed July 30, 1930.]

*Ira M. Sharp*, for appellant.
*Baker & Daniels*, for appellee.

McMAHAN, J.—Henry C. Long died testate, January 19, 1901, leaving neither father, mother, nor descendant, but leaving a widow, Sarah C. W. Long, his only heir. Appellee qualified as executor in February, 1901, and filed its final report April 5, 1928. The widow died in 1916, and appellant, as administrator *de bonis non* of her estate, filed exceptions to the final report, on the ground that the widow was entitled to, but had not received, the one-third of the personal estate of her deceased husband. The court found the facts specially, and concluded, as a matter of law, that appellant's claim should be disallowed.

The salient facts, in addition to those already stated, are: That by his will, which was never vacated nor set aside, Henry C. Long gave to his widow $500, the household goods and the income from his whole estate, real and personal, remaining after the satisfaction of two gifts, so long as she remained his widow, the residue to go to charity; the provisions so made were in lieu of all her rights under the statute; Mrs. Long never remarried, but remained his widow until her death June 6, 1916; from the time of the death of Henry C. Long, his widow was familiar with the terms of his will and the details of its administration by the executor and trustee; she did not, within one year from the probate of her husband's will, conformably to the statute then in force, elect not to accept the provisions made for her in said will, nor did she, within 90 days from the probate thereof, in the form provided by statute, elect to take under the will; at the time of his death, he owned real estate worth $300,000, and personal property of the value of $80,637.64; at the time of his death, he owed debts aggregating $26,932.27, which were paid by his executor;

the widow, with the approval and consent of the executor, appellee herein, took possession of and appropriated to her own use all the personal property bequeathed to her by her husband's will; she was paid by, and received from such executor all the net income from the estate according to the terms of the will; the total income so received by her, without objection on her part, amounted to $210,035.15, of which $31,004.32 was income from the personal estate; the widow bought and paid for certain personal property belonging to her husband and which was on a farm owned by her husband at the time of his death, she having theretofore purchased said farm from his executor; she, designating herself as "the widow of Henry C. Long, deceased, and as the life tenant and sole beneficiary of the income arising from his said estate," in writing, recommended and requested that a proposition for the sale of certain personal property be accepted and that the sale be made; she made no demand nor request for all or any part of the personal property and at no time claimed that she owned such personal property or any part of it; no part of the income so received by her has been repaid or restored to the estate; Henry C. Long, in his will, stated that he knew his wife had the right and power to elect to take her interest in his estate under the law and not under his will, and that, in order to meet such an emergency, he made provision for the disposition of that part of his estate that would remain in case she took under the law and not under his will, and, in this connection, he recites in his will that the provisions in his will for the benefit of his wife were "made with her knowledge, and with her hearty concurrence and consent," and the court found that Mrs. Long, from the time of the death of her husband, was familiar with the terms of his will. Appellee, as executor and as trustee under such will, made written and itemized reports to Mrs. Long each month of the income re-

ceived and the disbursements made from such income and paid the net income from the whole of said estate to her each month; Mrs. Long died testate, and, by her will, dated December 22, 1911, named appellant as executor of her estate; none of the provisions of this will need be set out, other than to call attention to the fact that she therein showed that she had knowledge of the provisions of her husband's will and the disposition he had made of his estate.

Upon these facts, the court concluded, as a matter of law, that the appellee had paid to the widow all the net income of the estate accrued up to her death, and that appellee, as executor, should be discharged, and that the estate of said Henry C. Long, should be decreed fully and finally administered.

When Henry C. Long died and when his will was probated, there were in force and effect two sections of the statute relating to the rights of widows in the property of their husbands who died testate. The first of these is §41 of the Statute of Descents as amended in 1885, Acts 1885 p. 239, §2666 Burns 1901, which is as follows: "If lands be devised to a woman, or a pecuniary or other provision be made for her by the will of her late husband, . . . she shall take under the will of her late husband, unless she shall make her election whether she will take the lands so devised, or the provisions so made, or whether she will retain the right to one-third of the land of her late husband; but she shall not be entitled to both unless it plainly appears by the will to have been the intention of the testator that she should have such lands, or pecuniary or other provision thus devised or bequeathed in addition to her rights in the lands of her husband. Such election shall be in writing, signed by such woman and acknowledged before some officer authorized to take the acknowledgment of deeds, and shall be made within one year after said will has been admitted to probate in this

state, and be filed and recorded in the office of the clerk of the circuit court in which such will is probated and recorded by such clerk in the record of wills, reference being made from such record to the book and page in which the will is recorded and from the record of the will to the book and page in which such election is recorded."

The other section is §1 of an act to regulate the descent of personal property, Acts 1891 p. 404, §3343 Burns 1926, and which is as follows: "If a man die testate leaving a widow, one-third of his personal estate shall descend to said widow, subject, however, to its proportion of the debts of said decedent: *Provided, however,* That nothing in this act shall be construed to reduce the interest which the law now gives a widow in the estate of a deceased husband: *And provided, further,* That such widow may elect to take under the will of said decedent instead of this or any other law of descent of this state, which election shall be made within ninety days after said will has been admitted to probate in this state, and in the same manner as widows are now required by law to elect."

While the second provision of said §3343 as to the election by a widow between the will and the law was, in all probability, repealed in 1907, Acts 1907 p. 73, §3356 Burns 1926, this appeal must be determined by the statutes as they were in 1901.

Appellant contends that under the statute Mrs. Long took the personal property under the law, since she did not, within the time and in the manner specified in §3343, *supra,* elect to take under the will; that the purpose of the statute in requiring elections to be in writing, signed, acknowledged and filed in the clerk's office was to put an end to litigation waged for the purpose of determining whether the widow, by equivocal acts, was bound by the will or was entitled to her share of her husband's estate

under the law; and that the doctrine of implied election had been supplanted by the statute.

Appellee impliedly concedes the correctness of appellant's contention, but insists that, when a widow who starts to deal with her husband's personal estate as though she were satisfied to take under the provisions of the will, on deciding that she will take under the law and not under the will, is charged with the value of all of the personal estate she has actually taken and appropriated, and that she is entitled to only the difference between that amount and the one-third of the personal estate left after the debts and expenses of administration have been paid.

In this connection, appellee says the statute of 1891, §3343, *supra*, gave Mrs. Long a choice between two provisions made for her benefit, one made by law and the other by the will of her husband; that, with knowledge of the provisions of the will and the source of the income, having accepted and appropriated the whole of the income from the whole of the estate, personal and real, without making a claim to the principal of one-third of the personal property, she was bound by the doctrine of equitable estoppel, and that her administrator *de bonis non* is likewise bound, and cannot now claim under the law an interest in the personal property left by her husband.

There is merit in appellee's contention. Henry Long, at the time of his death, owned real estate of the value of $300,000 and personal property of the value of $80,637.64, not including certain personal property in and about his residence. He owed debts in the sum of $26,932.27, which the executor paid. In addition to these debts, the executor paid $19,222.10 for executor's compensation and attorney's fees. It is not necessary that we determine whether any part of the $19,222.10 should be taken into consideration in ascertaining the value of the

one-third of the personal estate which the widow would have taken under the law. For the purpose of this case, we will assume that no part of that sum was chargeable to the widow, and that the only amount properly deductible in arriving at the net value of the personal estate was the $26,932.27. Deducting this last-named sum from $80,637.64 leaves $53,705.37 as the net value of the personal estate, one-third of which is $17,901.79. If Mrs. Long had taken under the law, or had been paid the amount she was entitled to under the law, she would have received from the executor for her share of the personal estate of her husband the sum of $17,901.79. She actually received from the executor, as income from the estate, $210,035.15, of which $31,004.32 was income from the personal estate. If she had been paid the $17,901.79 and one-third of the income from the personal estate she would have received $28,236.56 or $2,767.76 less than she actually received as income from the personal estate. She knew the provisions of her husband's will. She knew the character and value of the estate. The executor made monthly reports to her, giving an itemized statement of the receipts and disbursements, and paid to her each month the net income from the whole of the estate, which, at the time of her death, aggregated $210,035.15.

It is the settled law of this state that a widow is to be charged with the value of that which she takes and appropriates, whatever be the theory on which it is taken. This rule of law is applicable whether the amount or thing is taken under a will or under the law. In *Ratliff, Exr.*, v. *Baldwin* (1867), 29 Ind. 16, 92 Am. Dec. 330, a widow brought suit against the executors of her husband's will to recover $300 which she, under the law, was entitled to as widow. The evidence disclosed that she had taken under the will $750 of personal property, and that, after the payment of debts,

the residue of the personal estate was distributed to the widow and children of the testator. The amount so received by her was in excess of the amount she would have taken under the law. It was there held that, while retaining the personal property so taken under the will, which was in excess of the amount coming to her under the law, she could not maintain the action. In harmony with the rule there announced, we hold that Mrs. Long, having accepted and retained an amount in excess of the amount of the one-third of the personal property which she would have been entitled to take under the law, appellant cannot recover in the instant case. See, also, *Bowman, Admr.*, v. *Olrick* (1905), 165 Ind. 478, 75 N. E. 820; *Wilson* v. *Wilson* (1896), 145 Ind. 659, 44 N. E. 665; *Lee* v. *Templeton, Gdn.* (1881), 73 Ind. 315.

Judgment affirmed.