Wiseman, J.
This matter comes on to be heard upon the application of Esther Felman, widow of the decedent, requesting the *74 court for an order directing the appraisers in the estate to perform their duties as required by law, particularly their duties under Section 10,509-54, General Code of Ohio; also on the application of the executors to require the widow to turn over to them certain assets belonging to said estate.
The records show that Harry Felman died on April 5, 1932 and on April 20, 1932 his last will and testament was duly admitted to probate. He died leaving the applicant, Esther Felman, his widow, and five adult children, two of whom were appointed executors of said estate.
On July 29, 1932 said executors filed in the Probate Court the inventory and appraisement, which discloses that all of the assets in the estate were appraised at $22,920.00. The appraisers failed to set off, under Schedule “F” any property or money to the widow as provided by Section 10,509-54, and also failed to set off any property or money to the widow as a year’s allowance, as provided by Section 10,509-74, General Code.
The decedent in his will left a portion of his estate to his widow and provided as follows:
“I further provide, however, that my said wife in the acceptance of this legacy is accepting the same in lieu of her statutory allowances as my widow as provided by law..”
It is contended on behalf of the executors that the testator in the use of these words in his will barred the right of the widow to her set-off and year’s allowance in the event she should elect to take under the will.
It is further contended on behalf of said executors, (no election having been made at the time the application was filed) that unless and until the widow elects to take under the law the appraisers should not be required to act.
At the time the widow makes her election she is entitled to know what interest she would take in her husband’s estate under the laws of descent and distribution, and any other provisions which the law makes for her as such widow as against the interest which she would take under the will of said decedent.
It is the settled law of this state that the widow is en *75 titled to know the amount of her year’s allowance before being required to make her election. It is the duty of the appraisers at the time of taking the inventory and making the appraisement to set off to the widow property and money as provided by Section 10509-54, and also to give the widow the year’s allowance as provided by Section 10509-74, General Code, whether the decedent died testate or intestate. Collier v. Collier, 3 O. S. 369, Bain v. Wick, 14 O. S. 505, In re Witner, 7 N. P. 143; 10 O. D. N. P. 30.
This declaration on the part of the court would determine the matters in issue raised by the application, if it were not for the fact that during the intervening period of time a citation was issued and served on the widow requiring her to make her election. The record shows that one month expired after the service of the citation, as provided by Section 10509-55, General Code, without an election having been made. Therefore the widow is conclusively presumed to have elected to take under the will as provided in Section 10504-60, General Code.
On the state of the record the court is now required to determine whether the testator in the use of the words “in lieu of her statutory allowances as my widow as provided by law” effectually barred the right of the widow to her “set off” and “year’s allowance.” In the determination of this matter the court is required to observe the provisions of Section 10504-61, General Code of Ohio, which provides as follows:
“If the surviving spouse elects to take under the will, such spouse shall be thereby barred of all right to an intestate share of the estate, and shall take under the will alone, unless it plainly appears from the will that the provision therein for the spouse was intended to be in addition to an intestate share. But an election to take under the will does not bar the right to remain in the mansion of the deceased consort, or the widow to receive one year’s allowance for the support of herself and children, as provided by law, unless the will expressly otherwise directs.”
The court is of the opinion that the testator in the use of the words “in lieu of her statutory allowances as pro *76 vided by law” has effectually barred the widow to her “year’s allowance” and since the decedent left no minor children the appraisers will not be required to set off a “year’s allowance.”
A more difficult situation is presented with reference to the right of the widow to a “set off.” The testator used words which are as broad as could be found to embrace all allowances which the widow would take as provided by law. The question could not have been more squarely raised had the testator used the expression “set off” instead of “her statutory allowances as my widow as provided by law.”
Did the testator effectually bar the right of the widow to her “set off?” Neither counsel nor the court have been able to find any reported decision in Ohio in which this question has been determined. Because of the diversity of opinion among members of the bar and the lack of uniformity in the practice in the Probate Courts, this court believes that this question should be considered at some length.
In Rockel’s Complete Ohio Probate Practice, Fourth Edition, on page 262, this language is used:
“This allowance is made regardless of the fact that the deceased has left a will, unless the will made special provision as to the rights of the widow or the property.”
The author cites the case of Nelson v. Wilson, 61 Ind. 255 as an authority to support the text.
In Ohio Probate Practice and Procedure, Addams and Hosford, on pages 685-686 is set forth the nature of the “set-off” and the rights of the widow and minor children in such property. At the bottom of page 686 this statement is found:
“Immediately upon the death of a husband or wife, the goods enumerated in this section vest in the surviving spouse and minor children, and they may sell them: Hastings v. Meyer, 21 Mo. 519; Kellogg v. Graves, 5 Ind. 509; McFarland v. Paze, 24 Mo. 156. * * * This allowance is made regardless of the fact that the deceased has left a will, unless the will made special provision as to the rights *77 of the spouse and minor children, or as to the property: Nelson v. Wilson 61 Ind. 255. The administrator can not sell them, even under an order of court; and if he does will be liable: Carter v. Hinkle, 18 Ala. 529; Graves v. Graves, 10 B. Mon. (Tenn.) 31; Morris v. Morris, 9 Heick, (Ky.) 614.”
In Ohio Probate Digest and Practice Manual by Judge Lamneck, on page 157, paragraph D, this language is used:
“An election to take under a will does not bar the right to receive property not deemed assets unless the will expressly so provides.”
The author refers to the case of In Re Guthrie, 28 N. P. (N. S.) 447 in support of the text.
Again on page 309 the author uses this language:
“A spouse who elects to take under a will is not barred from this set-off unless the will specifically so provides for the reason that no part of such set-off is an asset of the estate.”
The language used in these three separate text books indicates that the surviving spouse in electing to take under the will may be barred of the right to the “set off” if the testator has so expressly provided in his will.
The court has investigated all of the decisions of the courts of other states which have been cited by the text writers and has found that these decisions either rest upon the peculiar wording of the statute of the state, or, as in the state of Indiana, upon the equitable doctrine of election, and consequently have been of little or no help to the court in determining the issue at bar.
In the case oí In Re Guthrie, Judge Lamneck held:
“A widower electing to take under the will of his wife is not barred of his right to the statutory allowance of personal property not deemed assets of the estate of his wife, unless the will expressly provides that the provisions made for him are in lieu thereof.”
In that case the testatrix devised one-fourth of her *78 property to her husband and provided that: “the same to be in full of his interest in my estate and in lieu of his right to any part thereof.” The court properly held that the words of the will did not bar the right of the widower to his “set-off.” In discussing the nature of the right of “set-off” the court on page 449 say:
“The court is of the opinion, however, that this set-off is not a debt of the estate for the reason that the statute expressly provides that this allowance shall not be deemed assets of the estate. Immediately upon the death of the wife, the husband became the sole owner of $500.00 worth of his wife’s personal property ahead of all creditors and it is a right which he can demand, unless he waived it by taking under his wife’s will. Since it is not an interest in his wife’s estate nor a debt to the estate, but his absolute property, a provision made in full of his interest in the estate could not be broad enough to include this allowance,”
This decision properly rested upon the conclusion of the court that the words of the testatrix were not broad enough to include a “set-off.” The court, however, did choose to use the following language:
“It is admitted, however, that the wife could bar her husband from this statutory allowance by malting a provision in her will in lieu thereof, but such provision must be expressly stated.”
A careful consideration of the Guthrie case will disclose that this statement is obiter dictum.
The determination of the issue before the court hinges upon the interpretation of the statute on election. This court is therefore called upon to interpret Section 10504-61, General Code, to determine whether the husband in this case could effectually bar the widow of her right to-a “set-off”, by expressly providing that the interest which she took under the will should be accepted “in lieu of her statutory allowances as my widow as provided by law.”
By, the provision of this section the surviving spouse is not barred of the right “to remain in the mansion house” or the widow to receive' “one-year’s allowance” for the support of herself and children, as provided by law, unless *79 the will expressly otherwise directs. In other words unless an express declaration to that effect is made in the will, the widow upon her election to take under the will would take that interest which is given to her in the will and would also be entitled to her “right to remain in the mansion' house,” and also to her “year’s allowance.”
It will be observed that the statute is silent as to the right of the testator to expressly provide in his will that the interest given to the widow in the will shall be in lieu of the “set-off.” If the court should hold that the testator can likewise by an express provision in the will provide that the interest which is given to the widow shall be in lieu of her “set-off,” then the court is placing the matter of “set-off” in the same category as “mansion house rights” and “year’s allowance.” Such a result most certainly was not intended. Certainly there was some purpose in making a distinction between “mansion house rights” and the “year’s allowance” as against the “set-off.” The court is led to make an inquiry as to why the State Legislature failed to include the “set off” in the last sentence of this section. Applying the familiar doctrine of statutory interpretation expressio unius est exclusio alterius we conclude that the State Legislature in mentioning the “mansion house rights” and “year’s allowance” intended to exclude and had a definite purpose in excluding the “set-off.”
The law of Ohio from a very early date has provided for this “set-off” to be given to the widow out of the property of the deceased husband. It also provided, as does the present statute (10509-54) that the property set off should not be a part of the assets of the estate and should be protected against the claims of unsecured creditors. The property so exempted from administration shall remain in the possession of the surviving spouse, if any, and under certain conditions such property shall be given into the possession of the children alone, if there be minor children surviving. (Section 10509-55).
The court is of the opinion that this property is set off to the surviving spouse and minor children under the law in furtherance of a sound public policy, to the end that the *80 family unit during this crisis would be able to remain intact and be protected against all claims of unsecured creditors. The right to this property on the part of the surviving spouse and minor children is in the nature of an exemption which is given to them in order that they may not become a public charge.
Unquestionably it was the object of the legislature in the enactment of the above statute to provide the family of the deceased with the present means of subsistence and comfort by allowing them to retain out of the assets of the estate such articles as are indispensible for their maintenance and convenience. If this is true then most certainly the State Legislature acted wisely in its enactment of Section 10504-61 which is silent with’respect to the right of the testator to expressly provide in his will that the interest which the widow takes under the will shall be in lieu of such statutory “set-off.”
By virtue of the provisions of Section 10509-54, General Code the articles selected are completely withdrawn from the administration of the estate and vest in the surviving spouse at death. The only right the administrator has to the articles selected is to require them to be exhibited for the purpose of making an appraisement. If such articles vest in the surviving spouse and are withdrawn from the administration, when, if ever, are such assets restored to the fiduciary as part of the assets of the estate, and when does the authority of the administrator attach ?. Again the statute is silent and makes no provision in regard to this matter.
An analogous situation was presented to the Supreme Court of Ohio in the case of Collier v. Collier which was decided in 1854, but which rested upon the statute of election as it existed prior to 1852. The law on election was amended in 1852 which made provisions substantially as are provided in our present statute. Prior to 1852 the statute on election was silent as to the right of the testator to bar the rights of the widow to her “year’s allowance” by an express provision in the will.
On page 376 in discussing the duty of the appraisers to *81 set off a “year’s allowance” to the widow and children irrespective of the provisions in the will, the court say:
“This is to be done in every case, whether there is a will or not; and the property so set off is withdrawn from the estate, and constitutes no part of the fund to be administered by its representative. * * * ”
“Let it be granted that the husband intended to deprive the widow of this allowance, if she took under his will; still, as the law gave it to her, has the law anywhere given the husband power to take it from her, or to make it a condition upon which she may claim the property given to her by his will? We think not. All the legislation to which we have been referred, relates exclusively to her rights of dower, and the distributive share to which she would be entitled in her husband’s estate.. * * * Neither in this nor any of the amendatory acts, is any reference made to this temporary allowance. In performing their duty, the appraisers have no right to know whether there is a will or not; and if they do know there is one, they can not know whether the widow will claim the benefit of its provisions. They must still perform the duty of setting off property enough for the year’s support, which effectually separates it from the estate, in accordance with the absolute disposition which the law makes of it, irrespective of the claims of creditors or legatees, and without regard to what may have been the wishes or directions of the decedent upon the subject.”
While it is true that the question before, the court in the Collier case was one with respect to the “year’s allowance” and not the “set-off,” yet the statute on election at that time was silent with respect to the right of the testator to bar the widow to claim her “year’s allowance,” just as the present statute is silent with respect to the right of the testator to bar the widow to claim her “set-off.”
We could by analogy adopt the words of the Supreme Court in the Collier case in declaring in the case at bar that the law gives the “set-off” to the widow, and the law nowhere takes it from her, neither does the law give the husband power to take it from her, by compelling her to make an election.
The court is of the opinion that the statute on election *82 (10504-61) does not empower the husband in any case by expressly making provision in lieu thereof in his will, to bar the right of the widow to her “set-off.” Therefore, the court will make an order that the appraisers be directed to perform their duties as provided by Section 10509-54.
The executors have filed an application requiring the widow to turn over to them certain assets belonging to the estate in the nature of a certificate of claim for money deposited by the decedent in the Union Trust Company which is now in liquidation. The only property which the widow can retain in her possession and hold from the personal representative of the decedent áre those articles specifically mentioned in Section 10509-54, General Code. An asset such as the claim in the Union Trust Company must be turned over to the personal representative as part of the assets of the estate and administered upon as such, and cannot be retained by her and applied in part satisfaction of her claim to a “set-off.”
That part of her “set-off” which is not taken in selected articles which are enumerated in the statute must be paid to her in money derived from the sale of the assets of the estate, both real and personal, including the certificate off. claim on the bank, after the claims of secured creditors are satisfied.
Upon the issues in this case the court holds:
First: it is the duty of the appraisers in all cases at the time of taking the inventory and appraising the assets of the estate to set off to the surviving spouse the property or money which is claimed as a “set-off” under Section 10509-54, and also to give the widow in property or money her “year’s allowance” as provided for in Section 10509-74, and this must be done whether the decedent died intestate or testate, and, if testate, irrespective of any provisions made for the surviving widow in the will.
Second: Where the testator provides in his will that the interest given to the widow in the will “shall be in lieu of her statutory allowances, as provided by law” and the widow fails to make her election within the time provided by law, in which she is conclusively presumed to have *83 taken under the Will, she shall be barred of her right to the “year’s allowance” but will not be barred of her right to the “set-off,” as the statute on election does not give the testator in any case the right to bar the surviving spouse to the “set-off” by expressly making provisions in lieu thereof in the will.
Third: The certificate of claim for money deposited in a bank by the decedent which was held by the widow at the time the appraisement was made, should be turned over to the executor as part of the assets of the estate to be administered as such and can not be retained by the widow to apply on her claim to a “set-off.”
Counsel will draw the proper entry.