Brewer, J.
On October 17, 1930, Rudolph G. Scharkofsky executed his last will and testament and died on January 29, 1932. His will was admitted to probate in this court on March 22, 1932. He left surviving him his widow and three children, two adults, who are the issue of a former marriage and who have raised the question involved.
By the terms of Item Two of his will, he devised certain real estate to his widow for and during her life and the *218 remainder to his children. Certain other real estate was devised to his wife subject to certain bequests.
By the terms of Item Seven, the residue of his estate was given, devised and bequeathed to his widow.
Item Eight of his will reads as follows:
“Item VIII. The provisions herein before made for my wife Anna Seharkofsky are intended to be in lieu of her dower interest in my real estate and distributive share of my personal property as well as her claim to a year’s support and any and all other rights, interest or claims she might otherwise have in or against my estate. And said provisions are conditioned upon her formal relinquishment of such rights by election or otherwise. In case my said wife shall, for any reason, elect not to take under my will then the provisions hereinbefore made for her, subject to her claims at íaw upon the same shall pass to and vest in my children in equal parts.,”
The surviving spouse, Anna Seharkofsky, was served on March 14, 1933, with a citation in accordance with Section 10504-55, General Code, requiring her to make her election to take under the will or the law within one month from the date of said service. She did not make an election. The administrator de bonis non, with the will annexed filed a petition in this case for the construction of decedent’s will and for a declaratory judgment. Pleadings have been filed and all necessary parties are properly before the court.
The question at issue in this case arises by reason of Section 10509-54, General Code, which provides, so far as pertinent here, that the widow shall have twenty per centum (20%) of the decedent’s gross estate limited by a maximum of $2500.00. The provisions of said section are not limited to intestate cases.
The question is whether a widow, who has failed to make her election within the one month limited by law, after service of citation to make her election and who, therefore, is bound by the terms of the will, is entitled to receive in addition to the provisions for her in the will, the sums provided by Section 10509-54, General Code. There is in this case no language in the will expressly referring to the exemptions provided by this section. However, at the time the testator made his will, he used language designed to *219 bar the widow of every right at law she might then have. Section 10954, General Code, was then in force. That section provided similar exemptions to those allowed by Section 10509-54, General Code. The latter section, however, substantially increased those rights. The change went into effect just twenty-nine days before the testator died.
It is admitted in the case at bar that the intention of the testator is clearly expressed and that he intended that if his widow should take the property provided for her in his will, that she might have only that property. The court must then determine two things, first, has the testator the right under the law to require the surviving spouse to elect between the will and the exemptions provided by Section 10509-54, General Code, and, if he has, was the language used in this will, sufficient ?
Section 10509-54, General Code, went into effect on January 1, 1932, as a part of the so-called New Probate Code, by which Section 8606, General Code, providing for vested dower, was repealed. Manifestly, the increase in the amount of the exemptions provided for the surviving spouse in Section 10509-54, General Code, was to offset, at least in part, that which was taken away.
Before the New Probate Code, Section 10569, General Code, controlled the right of the widow as between the will and vested dower. It read:
“Dower and Gift. — No widow or widower shall be entitled both to dower and the provisions of the will in her or his favor, unless it plainly shows that such provision was intended to be in addition to dower and a distributive share of the estate.”
It will be noted that no express provision was required in a will to bar dower and that, in fact, for the surviving spouse to take both dower and the provisions in the will, there had to be a provision in the will to that effect. Section 10572, General Code, also formerly had some bearing on this kind of case. It read:
. “Election to take under' the will; effect of. — If the widow or widower elects to take under-the will, she or he shall be thereby barred of dower and such share of personalty, and shall take under the will alone, unless as provided in Section 10569.. But an election to take under the will does not bar the right to remain in the mansion of the deceased *220 consort, or the widow to receive one year’s allowance for the support of herself and children, as provided by law, unless the will expressly otherwise directs.”
Both Section 10569 and Section 10572, General Code, as well as the dower statute, Section -8606, General Code, were repealed by the New Probate Code. Section 10504-61, General Code, now provides what the effect of an election under the will shall be. It reads:
“Election to take under the will; effect. — If the surviving spouse elects to take under the will, such spouse shall be thereby barred of all right to an intestate share of the estate, and shall take under the will alone, unless it plainly appears from the will that the provision therein for the spouse was intended to be in addition to an intestate share. But an election to take under the will does not bar the right to remain in the mansion of the deceased consort, or the widow to receive one year’s allowance for the support of herself and children, as provided by law, unless the will expressly otherwise directs.’5
Clearly, Section 10572, General Code, expressly permitted the widow to elect to take under the will and also to take the year’s allowance and mansion house right, unless the will definitely otherwise directed, whereas, as has been stated, the exact opposite was provided in the same section as to dower and it seems certain that it is the dower right which has been, at least in part, superseded by the increased exemption provided by Section 10509-54, General Code. No authorities applicable to the exact facts presented here have been cited and the court has not found any. It seems, however, that the legislature did not intend to go so far as to make it impossible for a testator to require his widow to elect between the provision for her in his will and the exemptions provided for her by Section 10509-54, General Code.
■ The history of a similar provision in the law of Indiana is that the courts have come to hold that if the will provides for the widow and specifically disposes of all of the property in such a way that the payment of the exemption to the widow would defeat some material provision of the will, then the widow cannot take both. Shipman v. Keys, Admr., 127 Ind. 353 (1890). Bowman, Admr., v. Olrick, *221 165 Ind. 478 (1905). Stiglitz v. Migatz, Extr., 61 Ind. App. 529 (1916). These cases substantially overruled some very early cases, especially Nelson, Extr., v. Wilson, 61 Ind. 255 (1878).
When the widow in this case failed to make her election within the time limit provided by law, her rights became fixed by the terms of Section 10504-60, General Code, which provide that she is “conclusively presumed to have elected to take under the will and shall be bound accordingly, and persons may deal with property of the decedent in accordance therewith.” In view of the definite language used in that section, I am of the opinion that the rights of this widow are the same as they would have been had-she made her election according to law to take under the will.
In the case of In re Estate of Guthrie, 28 N. P. (N. S.) 447 (1931), the will contained the following language: “I give and devise to my husband, S. P. Guthrie, one-fourth of all my property, the same to be in full of his interest in my estate and in lieu of his right to any part thereof.” The widower elected to take under the will. The court held he was not thereby barred from his statutory exemption of $500.00, because the language of the will did not expressly so provide.
The exemption statute in force at the time of the Guthrie case was Section 10954, General Code. I am of the opinion that the fact that Section 10509-54, General Code, was enacted into law after the decedent in the case at bar made his will and before his death, has no important bearing on the issues in this case.
Since the hearing and submission of this case there has appeared in the Ohio Law Bulletin and Reporter for April 30, 1934, in the case of the Estate of Harry Felman, 32 N. P. N. S. 73, a decision in which Judge Wiseman of Montgomery County Probate Court held that in his opinion the statute on election, being Section 10504-61, Genera] Code, does not empower the husband in any case, even by expressly making provision in lieu thereof in his will, to bar the right of the widow to her set-off or exemption allowed by Section 10509-54, General Code. In his opinion he cites Rockel’s Probate Practice, Addams and Hosford’s Probate Practice; Lamneck’s Probate Digest, and the deci *222 sion of Judge Lamneck in the Guthrie ease, 28 N. P. (N. S.) 447 (1931), all of which indicate that express language in a will may put the surviving spouse to his election to take either his rights under the will or those at law. The court in the Felman case does not distinguish the case before him from those authorities. He relies finally upon Collier v. Collier, 3 O. S. page 369 (1854). In that case the Supreme Court held that the widow’s year’s allowance was given her by law and that the law had not anywhere given him the power to take it from her or to make it a condition upon which she might claim the property given her by his will that she release the year’s allowance. In the Collier case, at pages 376 and 377, however, the Supreme Court also called attention to the fact that by electing to take under the will, the widow was barred of her dower. It seems clear, therefore, that there was a definite distinction between the year’s allowance and the dower right as the law stood in respect thereto even at the time of the Collier case, and I am of the opinion that any right given to' the widow by law to take the place of her dower right, such as the increased exemption by Section 10509-54, General Code, has not been intended to increase the limitations upon the power of a testator to make a will, there being no express language in the statutes to so indicate.
In the Felman case Judge Wiseman decided that the statute on election does not empower the husband in any case by expressly making provision in lieu thereof in his will to bar the right of the widow to her set-off. While the statute on election does not make provision for barring the right of exemption, nevertheless, by applying the general law of election and estoppel it may be accomplished.
The Supreme Court of Indiana, in the case of Bowman, Admr. v. Olrick, 165 Ind. 478, decided May, 1905, in its opinion said, page 482:
“If the testamentary provision was intended by her husband to be in lieu of the statutory rights to his estate, then her acceptance of such provision will operate as a waiver of her rights under the statute.”
A testator may by appropriate language impose a condition that if the surviving spouse elects to take under the *223 provisions of the will, she thereby relinquishes all other rights, claims or interests in and to the decedent’s estate. It must be borne in mind that the testator does not deprive the- right of the widow to her exemption, but merely imposes a condition that if she does elect to take the benefits provided for her in the will she thereby relinquishes such claim.
There is no doubt that a testator may devise property to his wife conditioned upon her conveying another property, to which she already has title, to a third person and even though the testator may never himself have owned the parcel which he thus requires her to convey, the condition in his will is good.
A careful consideration of the language used by the testator here, especially the sentence, “And said provisions are conditioned upon Her formal relinquishment of such rights by election or otherwise,” has forced me to the conclusion that since the widow takes under the will, she cannot also take the exemption which she seeks.